**UNITED STATES OF AMERICA,**
Appellee,

v.

**Salvatore SAVOCA, Defendant,**

**Lawrence Savoca, Defendant–Appellant.**

**Docket No. 05–0976.**

United States Court of Appeals,
Second Circuit.

Oct. 3, 2005.

John W. Mitchell, Law Office of John W. Mitchell, New York, New York, for Defendant–Appellant.

Elliott B. Jacobson, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Katherine Polk Failla, Assistant United States Attorney, on the brief) New York, New York, for Appellee.

Present: MINER, WESLEY, Circuit Judges, and RAKOFF, District Judge.[1]

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Appellant Lawrence Savoca and his brother, Salvatore Savoca, were indicted on three felony counts stemming from their roles in the robbery and shooting of a Mahopac, New York business owner. The indictment charged: (1) conspiracy to commit robbery, in violation of the Hobbs Act, 18 U.S.C. §§ 1951(a); (2) attempted robbery, also under the Hobbs Act, 18 U.S.C. §§ 1951(a) and 2; and (3) using, carrying and discharging a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. In addition, the grand jury indicted only appellant Lawrence Savoca on a charge of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

On April 22, 2004, Salvatore Savoca pleaded guilty to the second and third counts and was sentenced to a term of imprisonment of 190 months. Appellant was tried in front of a jury, convicted on all four counts and sentenced to a total term of imprisonment of 360 months. Appellant appeals his judgment of conviction and sentence, asserting: (1) that the district court abused its discretion in admitting evidence of prior bad acts and convictions; (2) that the district court's jury charge on the interstate commerce element of the robbery counts was erroneous; (3) that the district judge inappropriately removed a juror after the start of trial but before deliberations; and (4) that the district court committed error in augmenting the sentence based on facts not charged in the indictment nor found by the petit jury.

1. The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

We disagree and affirm for the following reasons.

This Circuit has adopted an inclusionary approach to evaluating evidence of other crimes, wrongs or acts. *United States v. Edwards*, 342 F.3d 168, 176 (2d Cir.2003). In reviewing the district court's decision, "we determine whether: (1) it was offered for a proper purpose; (2) it was relevant to a disputed trial issue; (3) its probative value is substantially outweighed by its possible prejudice; and (4) the trial court administered an appropriate limiting instruction." *Id.* We review the decisions of the district court on the admissibility of evidence for abuse of discretion. *See Old Chief v. United States*, 519 U.S. 172, 174 n. 1, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997); *United States v. Schultz*, 333 F.3d 393, 415 (2d Cir.2003).

■ The admission of appellant's prior felony convictions and bad acts was the result of his own trial strategy. First, appellant's decision not to bifurcate the felon-in-possession charge was the proximate cause of the Government's introduction of his prior convictions. Secondly, appellant's introduction of character testimony opened the door to the Government's evidence of prior bad acts. Furthermore, appellant concedes that the district judge made a studied and reluctant decision to admit this evidence, and only after extensive consideration and numerous requests from the Government's lawyer. Thus, having reviewed the record thoroughly, we are convinced that the district court did not abuse its discretion in admitting this testimony.

Appellant also challenges the district court's jury instructions with respect to the Hobbs Act charges. Because appellant did not object to the charge at trial, we review the district court's instruction for plain error. *See United States v. Pabon–Cruz*, 391 F.3d 86, 95–96 (2d Cir.

2004). Appellant argues that the district court's instruction failed to properly explain the "diminution of assets" theory necessary to find a violation of the Hobbs Act for attempted robbery. Appellant further contends that the charge regarding the interstate commerce element of the Hobbs Act was manifestly unclear and confusing to the jury. Having reviewed the charge as given to the jury, we disagree and find that appellant falls far short of showing an error.

Federal Rule of Criminal Procedure 24(c) permits a trial judge to remove a juror for cause prior to deliberations where the juror becomes "unable or disqualified to perform [his] duties." Such a decision is confided to the sound discretion of the trial judge, *see United States v. Gambino*, 951 F.2d 498, 502–03 (2d Cir. 1991), and "[a]bsent a clear showing of prejudice, we will not presume it." *United States v. Floyd*, 496 F.2d 982, 990 (2d Cir.1974).

■ During trial, one of the jurors—Juror 12—expressed concern that he had not disclosed his membership in Gamblers Anonymous. The court conducted a voir dire of Juror 12, at which time he indicated that he had disclosed his membership in Gamblers Anonymous to two other jurors. Juror 12 then assured the court that he would perform his duties as a juror, and the district court did not remove him from the panel. The court also interviewed the jurors to whom Juror 12 had disclosed his membership in Gamblers Anonymous, both of whom acknowledged the juror's disclosure of his relationship with Gambler's Anonymous. Those jurors also assured the court of their ability to perform their duties as jurors.

Subsequent trial evidence focused heavily on gambling activity. The Government renewed its motion to strike the juror, pressing that the two jurors who were aware of Juror 12's knowledge of gambling

might look upon his view of the evidence as that of an expert. The court accepted this concern and removed Juror 12 from the panel. Appellant makes no showing of prejudice, and the decision to remove the juror was made after extensive hearings conducted by the court. Understanding the twists and turns often present in a criminal trial, we find that the district court acted entirely within its discretion in removing Juror 12 from the panel and replacing him with an alternate. Appellant's arguments to the contrary are without merit.

Finally, appellant contends that the district judge's finding, during sentencing, that appellant's prior convictions made him an "Armed Career Criminal" under § 924(e) of the United States Sentencing Guidelines violated appellant's Sixth Amendment rights under the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because he failed to raise these objections below, we review the district court's decision for plain error only. *See* Fed. R.Crim.P. 52(b); *United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

We note first that, in discussing the application of the Sentencing Guidelines, the district court properly stated the rule and application of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to the facts of this case. Furthermore, the judge's finding of fact as to prior convictions is explicitly excepted from the rule of *Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348. Thus, appellant's arguments are without merit.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.