20-1502-pr
*Savoca v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-two.

PRESENT:   Guido Calabresi,
           Reena Raggi,
           Steven J. Menashi,
                *Circuit Judges.*

_____

LAWRENCE SAVOCA,

           *Plaintiff-Appellant,*

  v.                                                    No. 20-1502-pr

UNITED STATES OF AMERICA,

           *Defendant-Appellee*

_____

*For Plaintiff-Appellant:*  Edward S. Zas, Federal Defenders of New York, Inc., New York, NY.

*For Defendant-Appellee*:  Celia V. Cohen, Won S. Shin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for Southern District of New York (Briccetti, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for rehearing is **GRANTED.** We **VACATE** Part I of our opinion dated December 29, 2021, addressing the conviction under 18 U.S.C. § 924(c). We **REMAND** to the district court to determine whether the sentencing court sentenced Lawrence Savoca under § 924(c)(3)(A) or § 924(c)(3)(B).

## I

In 2004, Savoca was convicted of conspiratorial and attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On direct appeal in 2005, we affirmed the district court. *United States v. Savoca*, 151 F. App'x 28 (2d Cir. 2005). Savoca then

2

filed his first motion for habeas corpus under 28 U.S.C. § 2255, which the district court dismissed in 2013. *Savoca v. United States*, No. 07-CV-2524, 2013 WL 10054624 (S.D.N.Y. Aug. 8, 2013).

In 2018, we granted Savoca leave to file a successive § 2255 motion because he had made a prima facie showing that his argument relied on a new rule of constitutional law. Motion Order at 1, *Savoca v. United States*, No. 18-1328 (2d Cir. July 5, 2018), ECF No. 28. The district court dismissed the § 2255 motion after concluding that it did not rely on such a rule. *Savoca v. United States*, No. 16-CV-4465, 2020 WL 2133187 (S.D.N.Y. May 5, 2020). Savoca appealed. On December 29, 2021, we issued an opinion affirming the district court. *Savoca v. United States*, 21 F.4th 225 (2d Cir. 2021). In Part I of that opinion, we held that Savoca's challenge to his § 924(c) conviction did not rely on a new rule of constitutional law. Citing *United States v. McCoy*, 995 F.3d 32 (2d Cir. 2021), we also said that Savoca's conviction for attempted Hobbs Act robbery was for a crime of violence under § 924(c)(3)(A). *Savoca*, 21 F.4th at 229. We now vacate that portion of the opinion. In Part II, which we do not disturb, we concluded that Savoca's § 922(g)(1) conviction was based on the "enumerated clause" of the Armed Career Criminal

3

Act ("ACCA"), so his argument did not rely on a new rule of constitutional law. *Id.* at 230.

In June 2022, the Supreme Court decided in *United States v. Taylor* that attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A). 142 S. Ct. 2015, 2025-26 (2022). The Court then granted certiorari in *McCoy*, vacated the judgment, and remanded for further consideration in light of *Taylor*. *McCoy v. United States*, 142 S. Ct. 2863 (2022). Savoca subsequently filed a petition for rehearing in this case.

## II

Whether Savoca may pursue the § 2255 motion at issue in this appeal turns on the gatekeeping requirement for second or successive habeas motions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The gatekeeping requirement provides that a district court may not entertain a "second or successive" habeas motion unless that motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255(h)(2), 2244(b)(2)(A).

Savoca's attack on his § 924(c) conviction relies on the following argument. The "crime of violence" of which he was convicted under § 924(c) was attempted

4

Hobbs Act robbery. Section 924(c) provides a two-part definition of a "crime of violence." First, under the "elements clause," a crime of violence is a crime that has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Second, under the "residual clause," a crime of violence is a crime that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). Savoca argues that attempted Hobbs Act robbery does not qualify as a crime of violence because (1) *Taylor* held it was not a crime of violence under the elements clause, and (2) the Supreme Court invalidated the residual clause as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319 (2019). Because the attempted Hobbs Act robbery of which Savoca was convicted is not a crime of violence under either clause of § 924(c), Savoca claims, his conviction for discharging a firearm during a crime of violence under § 924(c) was error.

Savoca contends that this argument satisfies the gatekeeping requirement because it relies on a new rule of constitutional law. He admits that the first part of his argument, which relies on *Taylor*, is statutory. But the second part of his argument, he notes, invokes the constitutional holding of *Davis*.

5

We cannot decide whether Savoca's habeas motion relies on a new rule of constitutional law without a factual determination as to whether Savoca's § 924(c) conviction was based on the elements clause or the residual clause. In the portion of our December 29, 2021, opinion that we do not vacate, we stated that a district court must "engage in a searching inquiry" to determine whether the second or successive petition *in fact* relies on a new rule of constitutional law. *Savoca*, 21 F.4th at 230. We explained that "the question of whether a particular sentencing record reflects a particular court's reliance on a particular … clause is, at base, a question of historical fact." *Id.* at 232.

The district court in this case never made that factual determination with respect to the § 924(c) conviction. It said only the following:

> Petitioner cannot claim he is relying on a new rule of constitutional law if, in order to succeed in arguing that attempted Hobbs Act robbery is not a crime of violence under the residual clause—which is the clause *Davis* found to be unconstitutional—he must first convince the Court that as a matter of statutory interpretation, attempted Hobbs Act robbery is not a crime of violence under the force clause. This is the point the Second Circuit made clear in *Massey v. United States*, albeit in the context of an ACCA penalty enhancement. But in arguing that the "sole question" is whether attempted Hobbs Act robbery is a crime of violence under the force clause, petitioner is attempting to "bootstrap" his non-retroactive statutory construction argument to *Davis* to attain review for a second or successive motion under Section 2255.

6

*Savoca*, 2020 WL 2133187, at \*6 (citations omitted).

Instead of deciding which clause was the basis for Savoca's sentence, the district court relied on *Massey v. United States*, 895 F.3d 248 (2d Cir. 2018), for the proposition that it did not need to make such a finding. That reliance was misplaced. *Massey* presented a question similar to the one presented here: whether a sentencing court relied on the ACCA's unconstitutionally vague residual clause or another clause. Rather than avoid the factual question, we answered it. "The record from Massey's sentencing hearing answers that question," we said. "We have no doubt that Massey's sentence was enhanced pursuant to the ACCA's force clause" rather than the residual clause because "[t]he District Court clearly stated this during the sentencing hearing." *Id.* at 252. In other words, the court in *Massey* held that the motion did not rely on a new rule of constitutional law because, as a matter of "historical fact," Massey was not sentenced pursuant to the residual clause but to the force clause. *Savoca*, 21 F.4th at 232.

In our case, the district court converted this holding into a different rule: "Petitioner cannot claim he is relying on a new rule of constitutional law if, in order to succeed [on the constitutional argument] … he must first convince the Court [of] a matter of statutory interpretation." *Savoca*, 2020 WL 2133187, at \*6. Because

of this misreading of *Massey*, the district court never made a factual finding about the clause of § 924(c) on which the sentencing court relied in sentencing Savoca.

On appeal, the parties appear to agree that the record from the sentencing court does not establish whether Savoca's § 924(c) conviction was based on the elements clause or the residual clause. But it is not clear to us that, if the district court had attempted to address that question, it would have been unable to reach a conclusion. On remand, the district court may look at a "wide range of materials," such as "the parties' oral and written sentencing arguments, sentencing hearing transcripts, PSRs, and similar parts of the sentencing record." *Savoca*, 21 F.4th at 232. If the district court finds the sentencing record "unclear as to the clause on which [the] original sentencing court had, in fact, relied," the district court may consider "[b]ackground legal conditions" at the time of sentencing. *Id.* at 235; *see also United States v. Geozos*, 870 F.3d 890, 896-97 (9th Cir. 2017) (holding that a district court may look to the relevant legal background at the time of sentencing), *abrogated on other grounds by Stokeling v. United States*, 139 S. Ct. 544, 553 (2019).

After conducting this factual inquiry, the district court may determine which of the two clauses was the basis for Savoca's sentence. That determination

will answer the question whether Savoca's habeas petition relies on a new rule of constitutional law. If the district court determines that the record is inconclusive, then it may confront the question whether a habeas motion relies on a new rule of constitutional law when the record does not reveal the basis of the sentence.[1] That question is not presented, however, until the district court completes the "manifestly … fact-specific undertaking" of determining the clause under which Savoca was sentenced. *Savoca*, 21 F.4th at 232.

\* \* \*

---

[1] *Compare United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) (holding that "when an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence … the inmate has shown that he 'relies on' a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A)"), *abrogated on other grounds by Stokeling*, 139 S. Ct. at 550, *with Dimott v. United States*, 881 F.3d 232, 243 (1st Cir. 2018) (holding that "to successfully advance a *Johnson II* claim on collateral review, a habeas petitioner bears the burden of establishing that it is more likely than not that he was sentenced solely pursuant to ACCA's residual clause").

For the foregoing reasons, we **GRANT** the petition, **VACATE** Part I of our December 29, 2021, opinion addressing the conviction under § 924(c), and **REMAND** for a factual determination about whether Savoca was sentenced under the elements clause or the residual clause.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court