*Collier v. United States*

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2017

(Argued: May 9, 2018     Decided: March 1, 2021)

(Last submissions: August 2019)

Docket No. 17-2402

KEITH COLLIER,

*Petitioner-Appellant,*

–v.–

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

B e f o r e :

CARNEY, *Circuit Judge,*[*] and KOELTL, *District Judge.*[†]

---

[*] Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. The appeal is being decided by the remaining members of the panel, who are in agreement. *See* 2d Cir. IOP E(b).

[†] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

Keith Collier appeals from the district court's denial of his motion under 28 U.S.C. § 2255. In that motion, he sought (among other things) vacatur of his 1998 conviction for possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Collier contends that the predicate offense for the conviction—attempted federal bank robbery in violation of 18 U.S.C. § 2113(a)—does not qualify as a crime of violence under § 924(c). Collier further assigns error to the district court's treatment of him as a "career offender" under § 4B1.1 of the United States Sentencing Guidelines (1997), which were mandatory at the time of sentencing. In finding him a career offender, the sentencing court relied on Collier's federal conviction for attempted bank robbery and his prior state convictions for second-degree robbery and attempted second-degree robbery under New York Penal Law § 160.10, all of which the court viewed as "crimes of violence" under § 4B1.2(a)(1). We held our decision in this case pending our Court's disposition of cases presenting related questions. Now, with those cases decided, we conclude that attempted federal bank robbery under 18 U.S.C. § 2113(a), which requires that the attempt be made "by force and violence, or by intimidation," is categorically a crime of violence for purposes of 18 U.S.C. § 924(c)(1). *See United States v. Hendricks*, 921 F.3d 320 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 870 (2020). We decline to reach Collier's arguments that U.S.S.G. § 4B1.2 is void for vagueness, because that challenge is untimely. *See Nunez v. United States*, 954 F.3d 465, 471 (2d Cir. 2020). Having so concluded, we reject his several related Guidelines arguments as well.

AFFIRMED.

---------------

JAMES P. EGAN, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Syracuse, NY, *for Petitioner-Appellant Keith Collier*.

STEVEN D. CLYMER (Nicolas Commandeur, *on the brief*), Assistant United States Attorneys, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY, *for Respondent-Appellee United States of America*.

---------------

CARNEY, *Circuit Judge*:

Keith Collier appeals from a 2017 decision and order of the United States District Court for the Northern District of New York (McAvoy, *J.*) denying his motion under 28 U.S.C. § 2255. In 2016, Collier sought vacatur of his 1997 conviction for "[u]sing or carrying a firearm during the commission of a crime of violence" in violation of 18 U.S.C. § 924(c)(1). J.A. 14, 20, 23.[1] In 1997, a jury also found him guilty of the "crime of violence" of "attempted [federal bank] robbery by force, violence or intimidation" in violation of 18 U.S.C. § 2113(a), and several other counts. J.A. 23-24. Applying the then-mandatory United States Sentencing Guidelines ("U.S.S.G" or "Guidelines") (1997), the district court sentenced Collier primarily to a term of 270 months' incarceration. A significant portion of his sentence stemmed from the district court's determination that his conviction for attempted federal bank robbery, combined with his prior New York state convictions for attempted second-degree robbery and second-degree robbery, rendered him a career offender under § 4B1.1 of the governing version of the Guidelines.[2]

We have held decision on this matter pending resolution of closely related issues presented by other appeals in our Court.[3] Those decisions have now been issued and

---

[1] Collier unsuccessfully appealed his conviction and his sentence. *United States v. Collier*, 172 F.3d 38 (2d Cir. 1999) (unpublished). Habeas petitions that he filed in 2000 and 2003 were also unsuccessful. *See* J.A. 13-14.

[2] Collier's sentencing on these counts occurred in April 1998. J.A. 10. Accordingly, the November 1, 1997 version of the Guidelines governs his sentence, and we refer to that version alone in discussing this appeal. *See* 18 U.S.C. § 3553(a)(4)(A) (instructing sentencing courts to look to Guidelines ranges that are "in effect on the date the defendant is sentenced"). For convenience, we omit the "1997" designation from the text after this first mention except as needed to avoid confusion.

[3] After filing this appeal, Collier completed his sentence of incarceration and has been released to his three-year term of supervised release.

the parties have filed supplemental briefing addressing the decisions' impact on Collier's case.

On appeal, Collier challenges both his conviction under 18 U.S.C. § 924(c)(1) and his sentence under U.S.S.G. § 4B1.1. He contends primarily that attempted federal bank robbery under 18 U.S.C. § 2113(a) is not categorically a "crime of violence" under either § 924(c) or the Guidelines and therefore that both his conviction and his sentence are invalid. Relatedly, Collier submits that attempted federal bank robbery, attempted second degree New York bank robbery, and second-degree New York bank robbery are not "crimes of violence" under U.S.S.G. § 4B1.2. If he is correct as to any one of those arguments, his sentence is invalid. The Government opposes these arguments and submits in addition that Collier's motion is untimely under 28 U.S.C. § 2255(f)(3) as to all of the arguments that he presents.

In light of the rapid development of the law in this field, we will treat Collier's petition is timely as to his primary argument, that attempted federal bank robbery is not a crime of violence under § 924(c)(3)(A) (the "force clause"). So assuming, we reject Collier's merits argument and hold that attempted federal bank robbery in violation of 18 U.S.C. § 2113(a) is by its terms a crime of violence under § 924(c)(3)(A). *See United States v. Hendricks*, 921 F.3d 320 (2d Cir. 2019) (holding federal bank robbery in violation of § 2113(a) is a crime of violence under § 924(c)(3)(A)), *cert. denied*, 140 S. Ct. 870 (2020). Our decision rests on the force clause of § 924(c)'s definition of "crime of violence" and the text of the attempt crime that is set forth in § 2113(a), which expressly requires that the attempted taking—like the completed crime—be perpetrated "by force and violence, or by intimidation." 18 U.S.C. § 2113(a).

Finally, in light of our recent decision in *Nunez v. United States*, 954 F.3d 465, 471 (2d Cir. 2020), we find untimely and decline to reach the merits of Collier's additional arguments related to his sentencing under U.S.S.G. § 4B1.2 (that is, his vagueness challenge and his arguments with regard to whether his New York robbery and

4

attempted robbery convictions are crimes of violence under the Guidelines' career offender provision). In *Nunez*, we held that the Supreme Court in *Johnson v. United States*, 576 U.S. 591 (2015) "did not recognize a constitutional right not to be sentenced under the residual clause of the pre-*Booker* Career Offender Guideline." *Id*. at 471. Collier's petition is therefore untimely insofar as it challenges his sentence under that pre-*Booker* Guideline: the right he now asserts has not yet been recognized by the Supreme Court. No decision newly announced and now made retroactive excuses him from meeting the one-year time limitation set out in 28 U.S.C. § 2255(f).

Accordingly, we AFFIRM the order of the district court.

## BACKGROUND[4]

In October 1997, a federal jury sitting in the United States District Court for the Northern District of New York convicted Collier of federal criminal charges related to his role in the attempted bank robbery of a federal credit union in Rotterdam, New York, that took place in July of that year.[5] The jury found Collier guilty of five counts: (1) conspiracy to commit bank robbery by force, violence or intimidation, in violation of 18 U.S.C. §§ 2113(a) and 371; (2) attempted bank robbery by force, violence, or intimidation, in violation of 18 U.S.C. § 2113(a); (3) using or carrying a firearm during the commission of a crime of violence, namely attempted bank robbery in violation of § 2113(a), in violation of 18 U.S.C. § 924(c)(1); (4) possession of a firearm by a convicted

---

[4] The parties do not dispute the factual record as recited by the district court in its Decision and Order. We therefore draw directly from it in our statement of the facts.

[5] As the district court recounted, "[a] ten-man SWAT team pulled [Collier] over on his way to the Credit Union and arrested him. Law enforcement found stocking masks, latex gloves, duct tape, and a loaded 9mm semi-automatic pistol with an obliterated serial number inside [Collier's] vehicle." J.A. 136. A two-week law enforcement investigation aided by an informant's taping of his conversations with Collier led to this dramatic arrest in the parking lot near the Price Chopper Federal Credit Union. Collier claimed entrapment as his primary defense.

felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2); and (5) possession and receipt of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1).

In May 1998, the district court sentenced Collier to 270 months' incarceration, to be followed by a three-year term of supervised release. Of his 270 months' incarceratory sentence, his conviction on Count 3 (possession of a firearm during a crime of violence) required the court to impose a term of 60 months' imprisonment consecutive to the 210 months' imprisonment imposed for the remaining counts. In addition, Collier's sentence for the remaining counts was increased based on the court's determination that his criminal history made him a "career offender" covered by § 4B1.1 of the Guidelines.

Collier's criminal history was set out in his Presentence Investigation Report (PSR). The PSR informed the court that, in separate incidents that took place in 1989, Collier pleaded guilty to attempted second-degree robbery (under New York Penal Law §§ 160.10 and 110.00) and second-degree robbery (under New York Penal Law § 160.10). Added to the instant conviction for attempted federal bank robbery, the two state convictions required the court to apply the Guidelines' career offender enhancement.

In June 2016, almost twenty years after his original sentencing and while still incarcerated, Collier moved the district court under 28 U.S.C. § 2255 (for a third time) to vacate his conviction and sentence. His 2016 motion was premised on the cascade of legal developments that followed the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Court nullified as unconstitutionally vague the "residual clause" of 18 U.S.C. § 924(e)(2)(B). 576 U.S. at 597. That clause, 18 U.S.C. § 924(e)(2)(B)(ii), had called on courts to deem an offense a "violent felony" if it "involve[d] conduct that present[ed] a serious potential risk of physical injury to

another." *Id*. at 594.[6] That determination would then trigger significant sentencing enhancements. A similar amplifier effect was caused by § 4B1.2(a)(2) of the Guidelines, which contained a parallel catch-all clause. In his § 2255 motion, Collier argued principally that, under *Johnson*, his conviction and sentence were flawed because in determining both, the court relied on those now-questionable clauses. In July 2017, the district court denied Collier's motion, but inviting our review, it issued Collier a certificate of appealability with respect to the question "whether the mandatory Guidelines are subject to a void-for-vagueness challenge." *See* 28 U.S.C. § 2253.

To preserve order and consistency in our decisions and noting that the end date of Collier's term of incarceration no longer depended upon our resolution of his appeal, we held this matter after hearing oral argument, awaiting final disposition of related appeals in our Court, as the law post-*Johnson* continued to evolve.[7] The Supreme Court ruled in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), that the Guidelines, as applied in the post-*Booker* advisory regime, are not subject to vagueness challenges, including those based on the residual clause of § 924(e) invalidated by *Johnson*. The question whether crimes previously seen as covered by the now-invalid residual clause were covered nonetheless by the "force clause" of § 924(e)(2)(B)(i) were litigated one by one, as were questions of the Guidelines' application.[8] Accordingly, we directed Collier and

---

[6] Unless otherwise indicated, this Opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from reported decisions.

[7] We use "*Johnson*" throughout this Opinion to refer to the 2015 decision, *Johnson v. United States*, 576 U.S. 591 (2015). The 2015 Supreme Court decision in *Johnson* is not to be confused with its earlier decision in *Johnson v. United States*, 559 U.S. 133 (2010), which addressed whether simple battery under Florida law met the definition of "violent felony" that appears in in 18 U.S.C. § 924(e)(2)(B)(i).

[8] The so-called "force clause" included in the definition of a "violent felony" describes a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

the government to provide their respective views about the applicability to Collier's case of this Court's related decision in *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018), and the then-pending decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019), *United States v. Moore*, 916 F.3d 231 (2d Cir. 2019), and *Hendricks*, 921 F.3d 320. We also received no fewer than six pertinent submissions under Fed. R. App. P. 28(j), giving notice of related opinions.

Those cases in our Circuit are now resolved. *See Hendricks*, 921 F.3d at 332 (federal bank robbery in violation of 18 U.S.C. § 2113(a) is a crime of violence for purposes of § 924(c)(3)(A)); *Moore*, 916 F.3d at 239, 242 (federal Hobbs Act robbery and New York robbery in the third degree are both crimes of violence under U.S.S.G. § 4B1.2 and § 4B1.2(a)(1) (2015 version)).

Accordingly, and as described below, we now conclude that our decisions in *Hendricks* and *Moore* resolve significant aspects of this appeal. In reaching a final resolution, however, we also address several new arguments that Collier has advanced about how courts should analyze the crime of attempted federal bank robbery under 18 U.S.C. § 2113(a) in connection with the "crime of violence" determination required by 18 U.S.C. § 924(c).

## DISCUSSION

Collier rests his challenge to the district court's denial of his § 2255 motion primarily on two grounds. First, he urges that his conviction for use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1), is invalid on the ground that the predicate offense—attempted federal bank robbery—is not a "crime of violence" for purposes of § 924(c). Next, he assails the district court's determination during sentencing to apply the "career offender" enhancement established by Guideline § 4B1.1, contending that none of his three relevant crimes of conviction—attempted

8

federal bank robbery, New York attempted second-degree robbery, and New York second-degree robbery—is a "crime of violence" under Guideline § 4B1.2. Relatedly, he argues that § 4B1.2, applied in the mandatory, pre-*Booker* regime, is unconstitutionally vague. The government counters that, regardless of the merits of Collier's arguments (which it contests in any event), Collier's § 2255 motion was untimely as to all of Collier's claims and therefore should be denied.

We review de novo the district court's denial of Collier's § 2255 motion because it presents only questions of law. *See Jackson v. Conway*, 763 F.3d 115, 132 (2d Cir. 2014).

## I.   Timeliness of claims made in Collier's § 2255 motion

Before proceeding to the merits of any of Collier's arguments, we address whether the claims made in his § 2255 motion are timely. Section 2255 establishes a one-year limitations period that runs from the most recent of four possible dates. In light of the age of Collier's conviction, the relevant date here is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C § 2255(f)(3) (the "initial recognition clause").

Collier filed his motion on June 15, 2016, less than one year after the Supreme Court decided *Johnson* and less than two months after it made *Johnson* retroactive, in *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016). Relying on *Johnson's* invalidation of the residual clause in 18 U.S.C. § 924(e), Collier maintains as one part of his petition that the almost identically worded clause in U.S.S.G. § 4B1.2, applied in the mandatory Guidelines regime, is also void for vagueness. It follows, he argues, that *Johnson* recognized the right "not to receive a sentence fixed by the unconstitutionally vague residual clause," Appellant's Br. at 29-30, and that his petition is timely with respect to this claim.

9

This Court recently determined, however, that *Johnson*-based challenges to pre-*Booker* mandatory Guidelines sentences are not covered by the initial recognition clause: In *Nunez v. United States*, 954 F.3d 465, 469 (2d Cir. 2020), we held that "*Johnson* did not itself render the residual clause of the pre-*Booker* Career Offender Guideline unconstitutionally vague," and affirmed the denial of Nunez's motion to vacate his sentence under § 2255 as untimely on that basis. *Nunez* controls here as to Collier's mandatory Guidelines claim: *Johnson* did not recognize the right that Collier now asserts and his motion is untimely. *Id*. at 470-71; *see also Bryant v. United States*, 811 F. App'x 712, 713 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 606, 2020 WL 6037390 (Oct. 13, 2020). To rule on the merits of Collier's vagueness challenge to this portion of the mandatory Guidelines would be inconsistent with *Nunez*, and we decline to do so.

Whether Collier's challenge to his conviction under § 924(c) is untimely is less certain. When Collier filed his initial motion, we had determined that *Johnson*'s holding as to § 924(e) did not bear on the lawfulness of the somewhat differently phrased residual clause in § 924(c). *United States v. Hill*, 832 F.3d 135, 138 (2d Cir. 2016), *amended and superseded by United States v. Hill*, 890 F.3d 51 (2d Cir. 2018). But, while this case was being held, the Supreme Court decided in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), that under "[a] straightforward application of *Johnson*," a similarly worded provision in 18 U.S.C. § 16(b) was also unconstitutionally vague. *Id*. at 1207. Following *Dimaya*, a panel of this Court then amended its original decision in *Hill*, limiting its analysis to the application of the force clause in § 924(c)(3)(A) and presuming that the section's residual clause, like the clause in *Dimaya* and *Johnson*, was unacceptably vague. *See Hill*, 890 F.3d at 53. Then, in 2019, the Supreme Court decided that the catch-all provision that governs the application of § 924(c) which is found in § 924(c)(3)(B), is also unconstitutionally vague. *See Davis*, 139 S. Ct. at 2324.

10

Perhaps buffeted by this series of events and the ongoing substantial developments in the relevant law, the parties have not focused in their papers on whether Collier's original 2016 motion was timely insofar as it challenged his conviction under § 924(c)(1). The timely filing of a § 2255 motion is not a jurisdictional prerequisite for our review of the district court's judgment, however. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that § 2255 timing requirements function as a statute of limitations and not a jurisdictional bar); *Davis v. Lempke*, 767 F. App'x 151, 153 (2d Cir. 2019) (recognizing "AEDPA's one-year statute of limitations can be equitably tolled"); *cf. Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005) (the Court may "expand a petitioner's [Certificate of Appealability] when appropriate" and review claims that were omitted from the COA application but presented in the district court). Preferring to provide a merits decision in light of the murkiness of the statute of limitations issue created by these legal developments during the pendency of his appeal, we consider the substance of Collier's challenge to his conviction under the force clause in § 924(c), as described below, and we reject his challenge without addressing further whether his motion was timely in this regard.

## II.     The merits of Collier's challenge to his conviction under 18 U.S.C. § 924(c)(1)

Collier contends that his conviction for use or possession of a firearm during a crime of violence under § 924(c)(1) is invalid on the ground that attempted federal bank robbery under § 2113(a)—the predicate offense—does not qualify as a "crime of violence" under the governing definition.

Federal bank robbery and attempted federal bank robbery are both defined in title 18 as "robbery" of a bank that is committed "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). As relevant to Collier's conviction, the statute reads as follows:

11

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

*Id.*[9]

Collier does not contest the jury's determination by special verdict that he was guilty of "attempted robbery by force, violence or intimidation." J.A. 23. The indictment charged accordingly:

> On or about July 17, 1997, in Schenectady County and the Northern District of New York, the defendant Keith Collier, . . . did knowingly, willfully and unlawfully by force, violence and intimidation, attempt to take from the person or presence of another, property, money and other things of value belonging to and in the care, custody, control, management and possession of the Price Chopper Employee Federal Credit Union, Rotterdam, New York, a federal credit union.

J.A. 20.

Section 924(c) punishes "any person who, during and in relation to any crime of violence . . . , uses or carries a firearm, or who, in furtherance of any such crime,

---

[9] We quote from the first paragraph of § 2113(a). The second paragraph sets forth an alternative and segregable definition of the crime of federal bank robbery. *See United States v. Hendricks*, 921 F.3d 320, 327 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 870 (2020). We have treated these as divisible in the past, *see id.* at 327-28, and do so here as well. Here, it is clear from the special verdict form that the jury convicted Collier of the attempt crime described in the first paragraph of § 2113(a). J.A. 23. Neither Collier nor the government contends that the crime defined in § 2113(a)'s second paragraph has any bearing on Collier's conviction. We also need not address the separate crime of "bank extortion" defined in the first paragraph of § 2113(a). *See United States v. Evans*, 924 F.3d 21, 28 (2d Cir. 2019) ("[W]e agree with the Ninth Circuit that § 2113(a) contains at least two separate offenses, bank robbery and bank extortion.") (citing *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018)), *cert. denied*, 140 S. Ct. 505 (3019).

possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" for these purposes is "an offense that is a felony" and that either:

> (A) has as an element *the use, attempted use, or threatened use of physical force* against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3) (emphasis supplied).

In his initial appeal of his conviction, Collier challenged his § 924(c)(1) conviction on the ground the "residual clause," in the definition subsection, § 924(c)(3)(B), was void for vagueness. As noted above, we rejected that challenge, *United States v. Collier*, 172 F.3d 38 (2d Cir. 1999) (unpublished), and the Supreme Court later adopted Collier's view, finding § 924(c)(3)(B) unconstitutionally vague. *Davis*, 139 S. Ct. at 2324. Thus, after *Davis*, only the "force clause," § 924(c)(3)(A), is valid. Collier now argues that his conviction for attempted federal bank robbery does not qualify as a crime of violence under the "force clause."

In assessing the merits of this argument, we generally apply the "categorical approach" to Collier's crime of conviction. *See Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (describing the categorical approach). Our task under this approach is to identify "the minimum criminal conduct necessary for conviction under a particular statute." *Hill*, 890 F.3d at 55. We then determine whether that conduct is covered by our construction of the phrase "crime of violence," as used in 18 U.S.C. § 924(c)(3). For this analysis, we examine only the elements of the crime of conviction; the defendant's own conduct in committing the crime is irrelevant. 890 F.3d at 55.

In Collier's case, the burden of our task is reduced substantially by our 2019 decision in *Hendricks*, where we held that "federal bank robbery [under § 2113(a)] committed by intimidation categorically constitutes a crime of violence for the purposes

of § 924(c)(1)(A)." *Hendricks*, 921 F.3d at 328. A conviction for attempt under § 2113(a) (subparagraph 1) similarly requires that the bank robbery have been committed by "force and violence, or intimidation." In *Hendricks*, we relied on the "force clause"—not the now-unavailable "residual clause," § 924(c)(3)(B)— to conclude that a crime committed by intimidation is a "crime of violence." 921 F.3d at 328. Our decision in *Hendricks* is therefore unaffected by the Supreme Court's subsequent ruling in *Davis*.

Even so, Collier now urges us to conclude that, even if federal bank robbery under § 2113(a) constitutes a crime of violence under § 924(c), *attempted* federal bank robbery under § 2113(a) does not. To establish guilt for this attempt crime, he posits, the government must prove only that the defendant *intended* to commit the crime and took a *"substantial step"* toward doing so. Appellant's Supp. Br. at 4 (emphasis added); *see also, e.g.*, *United States v. Yousef*, 327 F.3d 56, 134 (2d Cir. 2003) ("[T]he government must prove that the defendant had the intent to commit the crime and engaged in conduct amounting to a 'substantial step' towards the commission of the crime."). Collier argues on this basis that neither forming the "intent" nor taking a "substantial step" (as needed for an attempt conviction) necessarily requires the "use, attempted use, or threatened use" of physical force (as needed to be a "crime of violence" under the force clause). Appellant's Supp. Br. at 4-5. He argues that having formed the requisite intent, without more, does not amount to having "attempted [the] use" of force. *Id.* And, he submits, taking a "substantial step" toward completion of the crime need not implicate force even if the substantive crime is a "crime of violence." *Id*. Therefore, in Collier's view, neither element of the § 2113(a) attempt crime necessarily presupposes the "use, attempted use, or threatened use" of physical force, and a conviction for attempted federal bank robbery is not necessarily conviction of a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). Collier insists that, irrespective of his actions, three propositions hold: one, the least acts that can constitute the relevant attempt crime

range more broadly than does the substantive crime; two, *Hendricks* does not govern the analysis; and three, an attempt under § 2113(a) is not categorically a "crime of violence."

We find Collier's arguments unpersuasive. The crime of attempt requires that the defendant have intended to commit each of the essential elements of the substantive crime. *See United States v. Crowley*, 318 F.3d 401, 408 (2d Cir. 2003). In federal criminal law, an attempt also requires that the defendant take "a substantial step" toward the actual completion of the substantive crime. *United States v. Farhane*, 634 F.3d 127, 147 (2d Cir. 2011); *see also United States v. Stallworth*, 543 F.2d 1038, 1040 (2d Cir. 1976). In this case, the categorical approach asks whether attempted bank robbery under § 2113(a) is a categorical match for the definition of a crime of violence in the force clause of § 924(c)(3)(A), namely that the predicate crime have "as an element the use, attempted use, or threatened use of physical force." Attempted bank robbery under § 2113(a) requires that the defendant "by force, violence, or by intimidation . . . attempt[] to take" the property at issue. *Cf. Hill*, 890 F.3d at 56. In *Hendricks*, we determined that bank robbery by intimidation is a crime of violence under § 924(c)(3)(A). 921 F.3d at 328. Thus, attempted bank robbery is a categorical match for a crime of violence under the force clause of § 924(c)(3)(A), as the statute requires that both the completed crime and its attempt be effectuated "by force, violence, or by intimidation." 18 U.S.C. § 2113(a). In the context of § 2113(a), where attempt is defined as including an element of "force and violence," or "intimidation," there can be no question that conviction of attempt requires proof of attempted force or intimidation.

This holding comports with similar developments in our sister Circuits. *See generally United States v. Harvey*, 791 F. App'x 171, 172 (11th Cir. 2020) (attempted federal bank robbery under § 2113(a) is a crime of violence); *United States v. Ingram*, 947 F.3d 1021, 1025-26 (7th Cir. 2020) (attempted Hobbs Act robbery is a crime of violence), *cert. denied*, 141 S. Ct. 323 (2020); *United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir.

15

2018) (same), *cert. denied*, 139 S. Ct. 1394 (2019), *abrogated on other grounds by United States v. Davis*, 139 S. Ct. 2319 (2019); *United States v. Dominguez*, 954 F.3d 1251, 1262 (9th Cir. 2020) (same); *but see United States v. Taylor*, 979 F.3d 203 (4th Cir. Oct. 14, 2020) (holding that attempted Hobbs Act robbery is not a crime of violence).[10]

It is unnecessary to determine whether "attempts" to commit other crimes of violence are themselves "crimes of violence" under § 924(c), particularly given the severe consequences for such a conviction. Given the fluidity of the concept of a "substantial step" that could combine with guilty intent to support a conviction, that step might have little to do with the violent aspect of the crime of conviction.[11] Here, however, the predicate statute for Collier's § 924(c)(1) conviction expressly requires that the act have been committed by force, violence, or intimidation. 18 U.S.C. § 2113(a).[12] In *Hendricks*, we determined that bank robbery by intimidation is a crime of violence under § 924(c)(3)(A). 921 F.3d at 328. Thus, attempted federal bank robbery is a categorical match for a crime of violence under the force clause of § 924(c)(3)(A), whether the "substantial step" was considered to be a violent one or not.

---

[10] In addition to the Fourth Circuit in *Taylor*, other judges, writing in dissent, have argued that attempted Hobbs Act robbery is not categorically a crime of violence. *United States v. St. Hubert*, 918 F.3d 1174, 1210 (11th Cir. 2019) (Pryor, *J.*, dissenting from denial of rehearing *en banc*); *Dominguez*, 954 F.3d at 1264 (Nguyen, *J.*, concurring in part and dissenting in part).

[11] This concern may be more potent in the context of other attempt crimes in which the elements of the attempt are not as embedded in the substantive statute. To amount to a crime of violence under the force clause of § 924(c)(3)(A), for example, the use of force need not itself be an element of the crime; rather, the crime may have as an element only the "attempted use" or "threatened use" of force, as the statute specifies.

[12] Indeed, the statute separately addresses other "substantial steps" that might constitute an attempt of a closely related crime: the second paragraph of § 2113(a) speaks to "Whoever enters *or attempts to enter* any bank, credit union, or any savings and loan association, or any building . . . *with intent* to commit in such bank . . . any felony affecting such bank . . . shall be fined . . . or imprisoned . . ." 18 U.S.C. § 2113(a).

We therefore decide that attempted federal bank robbery under the first paragraph of 18 U.S.C. § 2113(a) qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A).

## CONCLUSION

We have considered all the arguments raised by the parties. To the extent not specifically addressed herein, the arguments are either moot or provide no basis for reversal. The order of the district court denying Collier's motion under § 2255 to vacate his conviction is **AFFIRMED.**