# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2020

(Argued: January 21, 2021    Decided: January 19, 2023)

Docket No. 17-1513

BENJAMIN HALL,

*Petitioner-Appellant,*

–v.–

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

B e f o r e :

KEARSE, LEVAL, and CARNEY, *Circuit Judges.*

In October 2015, Petitioner-Appellant Benjamin Hall pleaded guilty to two counts: conspiracy to commit Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), and unlawful use of a firearm in furtherance of a crime of violence, *see id.* § 924(c)(l)(A). In his plea agreement, Hall waived his right to appeal or collaterally challenge his convictions and sentence so long as the district court sentenced him to a term of imprisonment equal to or less than 106 months. He was sentenced principally to 96 months' imprisonment. Hall now appeals from the April 2017 order of the district court (Glasser, *J.*) denying his motion under 28 U.S.C. § 2255 to vacate his section 924(c)(1)(A) conviction and his

corresponding sentence. He contends that the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidate his conviction on that count. *Johnson* held the residual clause of 18 U.S.C. § 924(e)(2)(B) to be unconstitutionally vague; *Davis* held similarly as to the residual clause of 18 U.S.C. § 924(c)(3), which had defined permissible predicates for Hall's crime of conviction, *id.* § 924(c)(1)(A). Because his predicate crime was a conspiracy charge covered by the residual clause, it follows (he submits) that any continued incarceration for his section 924(c)(1)(A) conviction violates his fundamental right not to be punished for conduct that is not punishable under the statute on which he was prosecuted. In November 2022, the government withdrew its earlier assertion of Hall's appeal waiver as a bar to his petition for relief. It now disputes primarily that his guilty plea to the section 924(c)(1)(A) conviction rested solely on Hobbs Act robbery conspiracy, contending that the conviction also rested on the predicate crime of attempted Hobbs Act robbery. It asserts that in any event the record is sufficient to support Hall's guilt under section 924(c)(1)(A) based on attempted Hobbs Act robbery. On *de novo* review, and in light of the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), that attempted Hobbs Act robbery is not a "crime of violence," we conclude that Hall's conviction under section 924(c)(1)(A) is invalid. We therefore REVERSE the district court's order denying Hall relief under section 2255; we VACATE Hall's conviction and related sentence under 18 U.S.C. § 924(c)(1); and we REMAND to allow resentencing.

REVERSED, VACATED, AND REMANDED.

Judge KEARSE concurs in a separate opinion.

———————

JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, NY, *for Petitioner-Appellant.*

ALIXANDRA E. SMITH (Jo Ann M. Navickas, David C. Pitluck, *on the brief*), *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Respondent-Appellee.*

———————

CARNEY, *Circuit Judge*:

In October 2015, Petitioner-Appellant Benjamin Hall pleaded guilty to two counts: conspiracy to commit Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), and unlawful use of a firearm in furtherance of a crime of violence, *see id.* § 924(c)(l)(A). In his plea agreement, Hall waived his right to appeal or collaterally challenge his convictions and sentence so long as the district court sentenced him to a term of imprisonment equal to or less than 106 months. He was sentenced principally to a 96-month term of imprisonment.

Hall now appeals from the April 2017 order of the district court (Glasser, *J.*) denying his motion under 28 U.S.C. § 2255 to vacate his section 924(c)(1)(A) conviction and his corresponding sentence. He contends that the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidate his conviction on that count. *Johnson* held the residual clause of 18 U.S.C. § 924(e)(2)(B) to be unconstitutionally vague; *Davis* held similarly as to the residual clause of 18 U.S.C. § 924(c)(3), which had defined permissible predicates for Hall's crime of conviction, *id.* § 924(c)(1)(A). Because his predicate crime was a conspiracy charge covered by the residual clause of section 924(c)(3), it follows (he submits) that his conviction under section 924(c)(1)(A) must now be set aside.[1] The government disputes, among other issues, whether his guilty plea to the section 924(c)(1)(A) conviction rested solely on Hobbs Act robbery conspiracy, contending that it also rested on the predicate crime of attempted Hobbs Act robbery. It

[1] Hall also argues that his continued incarceration for his section 924(c)(1)(A) conviction violates his fundamental right not to be punished for conduct that is not punishable under the statute on which he was prosecuted. Therefore, he argues, his appeal waiver cannot constitutionally be enforced. Although the government initially asserted the waiver's enforceability, it no longer seeks to rely on the waiver. Dkt. No. 117 (letter from the government dated Nov. 29, 2022). The question whether Hall's waiver is enforceable, therefore, is no longer before this Court.

asserts that the record is sufficient to support Hall's guilt under section 924(c)(1)(A) based on attempted Hobbs Act robbery.

On *de novo* review, and in light of the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), that attempted Hobbs Act robbery is not a "crime of violence," we conclude that Hall's conviction under section 924(c)(1)(A) is invalid. We therefore REVERSE the district court's order denying Hall relief under section 2255; we VACATE Hall's conviction and related sentence under 18 U.S.C. § 924(c)(1); and we REMAND to the district court. The district court in its discretion may either leave standing Hall's sentence on the Hobbs Act robbery conspiracy, or it may resentence on that count if it concludes that the existing sentence is inadequate when no longer supplemented by the consecutive 60-month sentence imposed on the now-vacated section 924(c) conviction.

## BACKGROUND

In November 2014, Hall was charged in the Eastern District of New York with crimes arising from a July 2013 incident in which Hall and Ringo Delcid, a co-conspirator, allegedly attempted to rob a drug dealer in Queens. The criminal complaint alleged that, with the robbery underway, Hall and Delcid realized that they had been observed by members of the New York City Police Department. Abandoning the project, they fled. They were later apprehended and prosecuted.

In April 2015, a second superseding indictment charged Hall, Delcid, and two other co-defendants with crimes related to the July 2013 incident. Hall was charged on five counts: conspiracy to commit Hobbs Act robbery, *see* 18 U.S.C. § 1951(a) (Count Three); attempted Hobbs Act robbery, *see id.* (Count Four); use of a firearm in connection with a crime of violence, *see id.* § 924(c)(1)(A)(i) (Count Five); conspiracy to harbor and conceal a person from arrest, *see id.* §§ 371, 1071 (Count Six); and harboring

4

and concealing a person from arrest, *see id.* § 1071 (Count Seven). Count Five—the section 924(c)(1)(A) count—was brought against Hall and two co-defendants. It referred to the "crimes charged in Counts Three and Four" as the predicate "crimes of violence." J. App'x at 44.

In October 2015, at his change of plea hearing in the district court, Hall entered a guilty plea to two counts: Hobbs Act robbery conspiracy (Count Three) and violating section 924(c)(1)(A) (Count Five). In his concurrently signed plea agreement, he agreed to plead guilty to the same counts. He also waived his right to appeal or otherwise challenge his convictions or sentence if the district court imposed on him a term of imprisonment of 106 months or less. The district court accepted Hall's plea and, in April 2016, sentenced him to a 36-month term of imprisonment on the Hobbs Act robbery conspiracy count and a consecutive 60-month term of imprisonment on the section 924(c)(1)(A) count, for a total sentence of 96 months. Hall did not appeal.

In July 2016, Hall moved under 28 U.S.C. § 2255 for vacatur of his conviction and sentence, alleging ineffective assistance by his counsel during the plea process. He later moved to amend the motion to argue that vacatur of his conviction was required by the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), in which the Court held void for vagueness the residual clause of section 924(e). Section 924(e)(2)(B) defined a "violent felony" in relevant part as a crime that "is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). Through that definition, the statute authorized the imposition of heightened penalties to the crime of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

Hall maintained that the vagueness principles articulated in *Johnson* also necessarily invalidated the residual clause found in the similar statutory definition of "crime of violence" appearing in section 924(c)(3)(B): that is, that a "crime of violence"

5

for purposes of section 924(c) is one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). After *Johnson*, Hall claimed, conspiracy to commit Hobbs Act robbery could no longer serve as a predicate for his conviction under section 924(c)(1)(A), rendering his conviction and sentence on that count invalid.

The district court denied relief. Concluding that Hall's guilty plea and appellate waiver were knowing and voluntary, it enforced Hall's waiver. It also rejected Hall's substantive claim under *Johnson*, citing this Circuit's precedent to the effect that section 2255 petitions relying on *Johnson* may be barred by a plea agreement that waives collateral attack. *See, e.g.*, *Sanford v. United States*, 841 F.3d 578, 580–81 (2d Cir. 2016) (*per curiam*).

Hall moved for a certificate of appealability in this Court. While his motion was pending, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Court found unconstitutionally vague the residual clause in 18 U.S.C. § 924(c)(3)(B), on which Davis's challenged conviction for using a gun in furtherance of Hobbs Act robbery conspiracy directly relied. In light of *Davis*, the Supreme Court vacated and remanded our decision regarding section 924(c) in *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018) ("*Barrett I*"). *See Barrett v. United States*, 139 S. Ct. 2774 (2019). On remand, we held that conspiracy to commit Hobbs Act robbery is not a "crime of violence" under section 924(c). *See United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019) ("*Barrett II*").

After our decision in *Barrett II*, we granted Hall a certificate of appealability on the following issues: "[W]hether [Hall's] waiver of the right to challenge his 18 U.S.C. § 924(c) conviction should be enforced, and, if not, whether his § 924(c) conviction should be vacated." Dkt. No. 47. Because the government no longer intends to rely on Hall's appeal waiver as a bar to his petition for relief, the sole remaining question is that

6

of the validity of his section 924(c) conviction. For the reasons set forth below, we vacate that conviction and remand for resentencing.

## DISCUSSION

We review *de novo* the district court's denial of Hall's section 2255 motion because it presents only questions of law. *See Collier v. United States*, 989 F.3d 212, 217 (2d Cir. 2021). Because the effect of Hall's appellate waiver is no longer at issue, we turn directly to the question whether his conviction for using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) must be vacated for want of a qualifying predicate crime of violence.[2] Our answer turns on consideration of two related issues: first, whether *Davis* is available to Hall on collateral review, and, second—if it is— whether Hall's conviction rested on a valid predicate (notwithstanding *Davis*'s effect on Hall's conviction for Hobbs Act robbery conspiracy). We address each in turn.

I.     ***Davis* announced a new substantive rule that is available to Hall on collateral review**

Hall argues that, although his conviction became final before *Davis* was decided, the Supreme Court's holding in *Davis* represents a new substantive rule that applies retroactively and is therefore available to him on collateral review.

---

[2] On direct appeal in 2019, we vacated the conviction of Hall's co-defendant Delcid, who had pleaded guilty on the section 924(c) count (Count Five). There, we similarly determined that the section 924(c) count was predicated solely on conspiracy to commit Hobbs Act robbery, which had as discussed above since been found not to be a predicate for a section 924(c) conviction under *Davis* and *Barrett II*. *See United States v. Delcid*, 779 F. App'x 43, 44 (2d Cir. 2019) (summary order). Delcid and Hall were charged in the same indictment. *See* J. App'x at 42–44. The resolution of Delcid's direct appeal does not control Hall's petition, however, because Hall waived his right to appeal and raised these issues on collateral review. *See Delcid*, 779 F. App'x at 43–44.

7

The framework for determining whether a decision applies retroactively to cases on collateral review is set forth by the plurality opinion in *Teague v. Lane*, 489 U.S. 288 (1989). *See Welch v. United States*, 578 U.S. 120, 128 (2016). "Under *Teague*, as a general matter, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced" unless they fall under an established exception. *Id.* (quoting *Teague*, 489 U.S. at 310). As relevant here, one of those exceptions is for "new substantive rules," which "generally apply retroactively." *Id.* (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004)) (emphasis omitted).

As an initial matter, the government has forfeited any argument that Hall's claim is barred under *Teague*. It did not raise a *Teague* concern at any prior point in the district court proceedings or here. *See, e.g.*, *Schiro v. Farley*, 510 U.S. 222, 229 (1994) (explaining that the government "can waive the *Teague* bar by not raising it"). Nonetheless, in light of the importance of the issue, we will set forth why *Davis* is properly available to Hall on collateral review.

To start, that *Davis* created a new rule of constitutional law is not subject to reasonable dispute. Under *Teague*, "a case announces a new rule when it breaks new ground or imposes a new obligation" on the government; in other words, it does so "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." 489 U.S. at 301 (emphasis in original). A holding is not so dictated "unless it would have been apparent to all reasonable jurists." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (internal quotation marks omitted). *Davis* broke new ground by holding section 924(c)(3)(B) unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336 ("We agree with the [Fifth Circuit's] conclusion that section 924(c)(3)(B) is unconstitutionally vague."); *see also id*. at 2323 ("In our constitutional order, a vague law is no law at all."). As the Fifth Circuit explained when concluding that *Davis* created a new rule, the

"*Davis* ruling resolved a circuit split regarding the residual clause's constitutionality, which evidences that the result in *Davis* was not apparent to all reasonable jurists." *United States v. Reece*, 938 F.3d 630, 634 (5th Cir. 2019); *see also United States v. Bowen*, 936 F.3d 1091, 1098–1100 (10th Cir. 2019) (explaining that "*Davis*'s legal analysis makes clear that it created a new rule.").

We further conclude that *Davis* announced a substantive rule. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schriro*, 542 U.S. at 353. The substantive category includes "decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Welch*, 578 U.S. at 129 (quoting *Schriro*, 542 U.S. at 351–52). Such decisions may "produce a class of persons convicted of conduct the law does not make criminal." *Schriro*, 542 U.S. at 352. "Procedural rules, by contrast, regulate only the *manner of determining* the defendant's culpability." *Welch*, 578 U.S. at 129 (internal quotation marks omitted) (emphasis in original).

*Davis* fits squarely within the substantive mold. The Supreme Court's reasoning in *Welch*—in which it held that *Johnson* announced a new substantive rule that applies retroactively in cases on collateral review—is instructive here. In *Johnson*, as discussed above, the Supreme Court in 2015 struck down the residual clause in section 924(e)'s definition of "violent felony" as unconstitutionally vague. 576 U.S. at 598. One year later, in *Welch*, the Court explained why the rule that it announced in *Johnson* is substantive:

> By striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering the range of conduct or the class of persons that the [Act] punishes. . . . *Johnson* establishes, in other words, that even the use of impeccable factfinding

9

> procedures could not legitimate a sentence based on that clause. It follows that *Johnson* is a substantive decision . . . and so has retroactive effect under *Teague* in cases on collateral review.

*Welch*, 578 U.S. at 129–30 (internal quotation marks and citations omitted).

The same logic inescapably applies to *Davis*, in our view. In *Davis*, the Supreme Court struck down the residual clause of section 924(c)—a clause closely resembling the clause at issue in *Johnson*—as void for vagueness. 139 S. Ct. at 2336. Like *Johnson*, *Davis* "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Welch*, 578 U.S. at 130. Otherwise stated, it "alter[ed] the range of conduct or the class of persons" that can be punished under section 924(c). *Id.* at 129 (quoting *Schriro*, 542 U.S. at 353); *see also Reece*, 938 F.3d at 635 (explaining that the "rule announced in *Davis* operates in much the same way" as the rule announced in *Johnson*).

The Tenth Circuit effectively illustrated the point when finding that "the rule announced in *Davis* is clearly substantive":

> Before *Davis*, a person could be convicted for the crime of using a firearm in connection with a crime of violence, even if the predicate crime qualified as a crime of violence only under § 924(c)(3)'s residual clause. After *Davis*, the same person engaging in the same conduct is no longer subject to this conviction. It follows that *Davis* announced a substantive rule that has retroactive effect in cases on collateral review.

*Bowen*, 936 F.3d at 1101 (internal quotation marks and citation omitted); *see also Reece*, 938 F.3d at 635 (Section 924(c)'s "residual clause allows for punishment of certain offenses that the elements clause cannot otherwise reach. Consequently, the residual clause's invalidation [in *Davis*] narrows the scope of conduct for which punishment is now available.").

10

In addition, the Supreme Court's observation with regard to *Welch* and section 924(e) is true as to Hall and section 924(c): "[E]ven the use of impeccable factfinding procedures could not legitimate a sentence" based on section 924(c)(3)(B)'s definition of a crime of violence. *Welch*, 578 U.S. at 130 (quoting *United States v. United States Coin & Currency*, 401 U.S. 715, 724 (1971)). For these reasons, in our view *Welch* and *Johnson* compel the conclusion that *Davis*, like *Johnson*, set forth a new substantive rule.

Because "courts must give retroactive effect to new substantive rules of constitutional law," *Montgomery v. Louisiana*, 577 U.S. 190, 198 (2016), such as the one that the Supreme Court announced in *Davis*, we conclude that *Davis* applies retroactively to petitioners who—like Hall—seek collateral review of their convictions.[3]

---

[3] If a petitioner seeks relief through a second or successive habeas petition, he can benefit from a new substantive rule only if he "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A); *see also Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[U]nder [section 2244(b)(2)(A)], the Supreme Court is the only entity that can make a new rule retroactive." (alterations and internal quotation marks omitted)). Even if the Supreme Court has not expressly made a new rule retroactive, its retroactivity may nonetheless become apparent for purposes of section 2244(b)(2)(A) "over the course of two [Supreme Court] cases . . . with the right combination of holdings," if the sequence of cases "necessarily dictate[s] retroactivity of the new rule." *Id.* at 666. Several circuit courts have concluded that the Supreme Court's holdings in *Johnson* and *Welch* necessarily dictate that *Davis* applies retroactively such that it is available to those bringing successive petitions. *See In re Thomas*, 988 F.3d 783, 788 (4th Cir. 2021); *In re Franklin*, 950 F.3d 909, 910–11 (6th Cir. 2020) (*per curiam*); *In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). To our knowledge, as of this writing no circuit has ruled to the contrary. *Cf. In re Hall*, 979 F.3d 339, 347 (5th Cir. 2020). Although Hall does not bring a successive petition and our holding does not turn on section 2244(b)(2)(A), these decisions by other circuit courts reinforce our conclusion that *Davis* applies retroactively and is available to Hall on collateral review.

## II. The record does not provide legally sufficient proof that Hall committed a predicate crime of violence under section 924(c)

Having determined that *Davis* applies retroactively to Hall's petition, we now turn to the merits of his habeas claim.

The second superseding indictment charged Hall with the following five counts: conspiracy to commit Hobbs Act robbery (Count Three); attempted Hobbs Act robbery (Count Four); unlawful use of a firearm during a crime of violence, "to wit: the crimes charged in Counts Three and Four," J. App'x at 44 (Count Five); conspiracy to harbor and conceal a person from arrest (Count Six); and harboring and concealing a person from arrest (Count Seven). Hall's plea agreement and plea colloquy both reflect that he pleaded guilty to Counts Three and Five: that is, conspiracy to commit Hobbs Act robbery, *see* 18 U.S.C. § 1951(a) (Count Three), and unlawful use of a firearm in furtherance of a crime of violence, *see id.* § 924(c)(l)(A) (Count Five).

In his petition for review, as discussed above, Hall contends that his conviction under Count Five for conduct covered by section 924(c)(1)(A) must now be vacated because conspiracy to commit Hobbs Act robbery—the sole predicate to which he pleaded guilty, by his account—no longer qualifies as a crime of violence as a result of *Davis* and *Barrett II*. Resisting this conclusion, the government argues that Hall's section 924(c) plea and conviction rested on *both* the Hobbs Act robbery conspiracy charged in Count Three and the attempted Hobbs Act robbery charged in Count Four as the related "crime[s] of violence."[4] Appellee's Br. at 40. It relies on this Court's

---

[4] The government did not raise this argument in the district court. We nonetheless exercise our discretion to consider the government's argument and to resolve the issue now. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (*per curiam*) ("We recognize that this court has discretion to consider arguments waived below because our waiver doctrine is entirely prudential.").

decision in *United States v. McCoy*, in which we held that attempted Hobbs Act robbery is a crime of violence under the "elements clause," section 924(c)(3)(A), which survived *Davis* (unlike the residual clause of section 924(c)(3)(B)). *See* 995 F.3d 32, 57 (2d Cir. 2021). Accordingly, it contends, Hall's section 924(c) conviction should stand.

The government's argument is foreclosed by the Supreme Court's recent decision in *United States v. Taylor*, holding that attempted Hobbs Act robbery does *not* qualify as a "crime of violence" under the elements clause found in section 924(c). *United States v. Taylor*, 142 S. Ct. 2015, 2021 (2022). Employing the categorical approach, the Court reasoned that to secure a conviction for attempted Hobbs Act Robbery, the government need not prove as an element of the offense that the defendant used, attempted to use, or threatened to use force. *See id*. at 2020–22.[5] As a result, even assuming *arguendo* that the section 924(c) offense charged in Count Five was *also* predicated on the attempted Hobbs Act robbery offense charged in Count Four, vacatur of Hall's section 924(c) conviction is required because under *Davis* and *Taylor* neither Hobbs Act conspiracy nor attempted Hobbs Act robbery is a valid predicate crime.

Hall is thus entitled to have his conviction and sentence under Count Five vacated. His conviction under Count Three for conspiracy to commit Hobbs Act robbery and the associated sentence of three years' imprisonment remain in effect. On remand, the government is free to argue to the district court (or the district court may conclude *sua sponte*) that the 36-month sentence originally imposed with respect to Count Three is not adequate, when no longer supplemented by the 60-month consecutive sentence on Count Five, to fulfill the purposes of sentencing. *See* 18 U.S.C.

---

[5] The Supreme Court has since then vacated the judgment entered in *McCoy* and remanded the case for further consideration in light of *Taylor*. *See McCoy v. United States*, No. 21-6490, 2022 WL 2295118, at *1 (U.S. June 27, 2022).

§ 3553(a). If the district court so concludes, it may resentence on Count Three. Important to note in this regard is that Hall served almost all of his eight-year sentence imposed with respect to Counts Three and Five,[6] and was released from federal custody on January 7, 2022.[7] The district court should consider these changed circumstances, the relevant changes in law, and any arguments that either Hall or the government might advance with respect to the continuing validity of any aspects of the plea agreement.

## CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's order denying Hall section 2255 relief; we **VACATE** Hall's conviction and related sentence under 18 U.S.C. § 924(c)(1); and we **REMAND** the case for further proceedings consistent with this opinion.

---

[6] The available records disclose that Hall was arrested in early November 2014 and sentenced to eight years' imprisonment on April 14, 2016. *USA v. Delcid et al.*, No. 1:14-cr-576-ILG-3 (E.D.N.Y. Apr. 21, 2016), ECF No. 98. His term of imprisonment would have ended in November 2022, but the district court docket indicates that he was released on January 7, 2022, and as of August 22, 2022, was on supervised release in the District of Connecticut. *Delcid*, No. 1:14-cr-576-ILG-3 (E.D.N.Y. Aug. 22, 2022), ECF No. 202. The original judgment entered against Hall on April 14, 2016, set a term of three years of supervised release on Count Three and five years on Count Five (which we now vacate), to run concurrently. J. App'x at 233.

[7] Bureau of Prisons Inmate Locator, No. 42765-298, https://www.bop.gov/inmateloc.

KEARSE, <u>Circuit Judge</u>, concurring:

I concur.  The government, in urging that Hall's appeal be rejected, made two arguments:  (1) that Hall's appellate waiver barred this appeal, and (2) that his conviction under 18 U.S.C. § 924(c) was valid because attempted Hobbs Act robbery was a crime of violence.  The latter contention is defeated by the Supreme Court's recent decision in <u>United States v. Taylor</u>, 142 S. Ct. 2015 (2022).  The former contention has been withdrawn by the government in a letter to this Court dated November 28, 2022.