24-2990-cr
United States v. Milord

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-five.

PRESENT:  DENNIS JACOBS,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 24-2990-cr

MAALIQUE MILORD,

*Defendant-Appellant*.

------------------------------------------------------------------

1

FOR DEFENDANT-APPELLANT:          Randall Douglas Unger, Esq.,
                                  Kew Gardens, NY

FOR APPELLEE:                     Katherine A. Gregory,
                                  Assistant United States
                                  Attorney, *for* Michael
                                  DiGiacomo, United States
                                  Attorney for the Western
                                  District of New York, Buffalo,
                                  NY

Appeal from a judgment of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Maalique Milord appeals from a judgment of the United States District Court for the Western District of New York (Wolford, *C.J.*) following his guilty plea to one count of unlawfully possessing a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[1] We assume the parties'

---

[1] "[W]e have an independent obligation to ensure that developments in the case have not rendered the appeal moot." *United States v. Williams*, 475 F.3d 468, 479 (2d Cir. 2007). Although Milord has completed his term of imprisonment, his appeal is not moot because he "remains subject to the special assessment fee" and "term of supervised release." *United States v. Slaughter*, 110 F.4th 569, 577 n.5 (2d Cir. 2024); *see also United States v. Atilla*, 966 F.3d 118, 123 (2d Cir. 2020).

familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Milord's sole argument on appeal is that his § 922(g)(1) conviction is unconstitutional in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).[2] We review this argument for plain error because Milord failed to raise it before the District Court. *See United States v. Santiago*, 238 F.3d 213, 215, 217 (2d Cir. 2001). We find no such error. In *Zherka v. Bondi*, we confirmed that § 922(g)(1) is constitutional on its face and as applied to convicted felons with nonviolent predicate crimes of conviction. *See* 140 F.4th 68, 74–75, 93 (2d Cir. 2025). That holding is controlling here.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We need not decide whether Milord's plea agreement bars his constitutional challenge because the Government "waive[d] the waiver point" by declining to raise it on appeal. *United States v. Eldridge*, 2 F.4th 27, 36 n.11 (2d Cir. 2021) (quotation marks omitted), *vacated on other grounds by* 142 S. Ct. 2863 (2022); *see Hall v. United States*, 58 F.4th 55, 59 (2d Cir. 2023).