**17-1676**
*Massey v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term 2017

(Argued: April 20, 2018   Decided: July 11, 2018)

Docket No. 17-1676

BURGESS MASSEY,

*Petitioner-Appellant*,

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee*.\*

_____

Before:

WESLEY and CHIN, *Circuit Judges*, and FURMAN, *Judge*.\*\*

_____

\* The Clerk of the Court is respectfully directed to amend the caption.
\*\* Judge Jesse M. Furman of the United States District Court for the Southern District of New York, sitting by designation.

Petitioner-Appellant Burgess Massey appeals from a May 22, 2017 opinion and order of the United States District Court for the Southern District of New York (William H. Pauley III, *J*.) denying his motion for habeas relief. After this Court granted Massey's motion for leave to file a successive § 2255 motion, the District Court concluded that although Massey's claim "relied on" the new rule of constitutional law announced by the Supreme Court in *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551 (2015), New York third-degree robbery was a crime of violence under the Armed Career Criminal Act ("ACCA"), and therefore his sentence was subject to enhancement. We hold that Massey's claim does not rely on the rule announced in *Johnson II* because his sentence was clearly enhanced pursuant to the "force clause" of the ACCA; *Johnson II* does not help him. Accordingly, we **AFFIRM** the order of the District Court to the extent it denies Massey's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

———————

DARRELL B. FIELDS, Assistant Federal Public Defender, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, *for Petitioner-Appellant*.

KIERSTEN A. FLETCHER, Assistant United States Attorney (Won S. Shin, Assistant United States Attorney, *on the brief*) *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, *for Respondent-Appellee*.

———————

PER CURIAM:

Burgess Massey was convicted of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) in March 2004. The District Court—during sentencing—explicitly found that Massey's prior felony convictions for third-degree robbery, second-degree assault, and second-degree attempted assault (all under New York law) subjected his sentence to enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because all three of those offenses involved the use or attempted use of force; the court imposed a sentence of 235 months' imprisonment. App. 30.[1] This Court affirmed his conviction and sentence, concluding that "the district court properly relied on the statutory elements of Massey's prior convictions in finding he had committed three prior violent felonies." *United States v. Massey*, 461 F.3d 177, 179 (2d Cir. 2006) (citing and quoting the "force clause" from the ACCA, 18 U.S.C. § 924(e)(2)(B)).

---

[1] The ACCA provides for a sentencing enhancement for any person who violates § 922(g) and who has three prior convictions for violent felonies. The ACCA defines a violent felony as a crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the force clause); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (enumerated offense clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (residual clause). 18 U.S.C. § 924(e)(2)(B).

After the Supreme Court denied his petition for a writ of *certiorari*, *Massey v. United States*, 549 U.S. 1136 (2007), Massey filed his first motion for relief pursuant to 28 U.S.C. § 2255, *Massey v. United States*, 08-924, 2009 WL 1285991 (S.D.N.Y. Apr. 23, 2009). The District Court denied his motion and did not issue a certificate of appealability, finding that his three prior offenses "all qualify as violent felonies for purposes of an ACCA sentence enhancement." *Id.* at *3.[2]

Following this unsuccessful first motion, Massey moved in this Court several times for leave to file successive § 2255 motions. As relevant here, a successive § 2255 motion is only permissible if it contains a claim that relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

This Court denied his first two successive motions in 2013 and 2014. *Massey v. United States*, 13-2947 (2d Cir. Sept. 4, 2013), ECF No. 17; *Massey v. United States*, 14-2281 (2d Cir. July 24, 2014), ECF No. 19. After the Supreme Court held in *Johnson v. United States* (*Johnson II*), 135 S. Ct. 2551, 2563 (2015), that the residual clause of the ACCA was unconstitutionally vague, Massey once more moved for leave to file a successive § 2255 motion. This third motion

---

[2] The District Court also found that Massey did not receive ineffective assistance of counsel because of his attorney's failure to object to the ACCA sentence enhancement. *Id.* The ACCA's penalty section, which discusses the relevant sentence enhancements, is located at 18 U.S.C. § 924.

4

was denied by this Court, which determined Massey failed to make "a prima facie showing that the new rule of constitutional law announced in *Johnson* [*II*] applies to his conviction. Petitioner's sentence was not enhanced under the provision of the ACCA invalidated by *Johnson* [*II*]." *Massey v. United States*, 16-1043 (2d Cir. June 13, 2016), ECF No. 36 (citations omitted).[3]

After the denial of Massey's third motion, this Court issued its now-vacated decision in *United States v. Jones* (*Jones I*), 830 F.3d 142 (2d Cir. 2016), *vacated*, 838 F.3d 296 (mem.) (2d Cir. 2016). The *Jones I* decision, which overruled prior contrary precedent of this Court—*United States v. Spencer*, 955 F.2d 814 (2d Cir. 1992)[4]—held that New York first-degree robbery was not categorically a "crime of violence" under the force clause of the United States Sentencing Guidelines ("USSG"). *Jones I*, 830 F.3d 142. That holding was based on the Supreme Court's decision in *Johnson v. United States* (*Johnson I*), 559 U.S. 133 (2010), which held, as a matter of statutory interpretation, that the phrase "physical force" in the ACCA's force clause meant "*violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140.

---

[3] This Court's order mistakenly lists the date as September 13, 2016, but as seen on the docket the order was entered on June 13, 2016.

[4] *Spencer* held that attempted New York third-degree robbery was a crime of violence under the USSG's force clause. 955 F.2d at 820.

Massey—relying on *Jones I*—then moved to recall the mandate denying his third motion. *Massey v. United States*, 16-1043 (2d Cir. Sept. 1, 2016), ECF. No. 39. He argued that manifest injustice would result if the mandate were not recalled because (1) one of his three ACCA predicate offenses, New York third-degree robbery, no longer qualified as an ACCA predicate after *Jones I* and *Johnson II*; and (2) this Court had allowed other movants to file successive motions based on *Johnson II. Id.* at 2, 4. Before the *Jones I* decision was vacated, this Court granted Massey's motion to recall the mandate and granted Massey's motion for leave to file a successive § 2255 motion, instructing the District Court "to address, as a preliminary inquiry under [28 U.S.C.] § 2244(b)(4), whether the Supreme Court's decision in *Johnson* [*II*] entitles [Massey] to relief." *Massey v. United States*, 16-1043 (2d Cir. Sept. 21, 2016), ECF No. 44.[5]

The District Court concluded that Massey's claim satisfied the requirements of 28 U.S.C. § 2255(h) because it "relie[d] on" *Johnson II. Massey v. United States*, 17-1455, 2017 WL 2242971, at *3 (S.D.N.Y. May 22, 2017). After addressing this threshold issue, the District Court concluded on the merits that Massey's prior New York third-degree robbery

---

[5] Perhaps the recall of the mandate and grant of Massey's motion for leave was ill-advised. As discussed *infra*, Massey's claim relied on *Johnson I* and the now-vacated *Jones I*—which applied *Johnson I* in overruling *Spencer*—but such a claim could not satisfy the requirements of 28 U.S.C. § 2255(h) because *Johnson I* did not announce a new constitutional rule; it simply interpreted the ACCA.

conviction was a crime of violence under the ACCA. *Id.* The District Court acknowledged that after *Jones I* was vacated,[6] the earlier precedent of this Circuit—although decided pre-*Johnson I*—controlled, and "case law in this Circuit—as it currently stands—holds that New York robbery is a 'crime of violence' for purposes of the ACCA." *Id.* The District Court therefore denied Massey's motion but—concerned with the shifting legal landscape—issued a certificate of appealability. *Id.* at *4. Massey timely appealed.

## DISCUSSION

We must first evaluate whether Massey's successive § 2255 motion satisfies the statutory requirements governing successive habeas petitions; if the motion fails to satisfy those threshold requirements, we need not reach the merits of his

---

[6] *Jones I* was vacated and held pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court held that the USSG's residual clause was not void for vagueness. *Id.* at 894–95. This Court then held in *United States v. Jones* (*Jones II*), 878 F.3d 10, 17–18 (2d Cir. 2017), that New York first-degree robbery was categorically a "crime of violence" under the USSG's residual clause and did not reach the issue on which it had previously resolved *Jones I*—whether robbery under New York law was categorically a crime of violence under the USSG's force clause after *Johnson I*. The net result of *Jones II* was to reinstate our prior ruling in *Spencer* that robbery under New York law is a crime of violence under the ACCA's force clause.

7

claim. *See* 28 U.S.C. §§ 2244(a), (b)(3)–(4), 2255(h).[7] Although this Court previously authorized the District Court to consider Massey's motion, this Court's determination that Massey had made a *prima facie* showing that his motion satisfied the requirements of 28 U.S.C. § 2244 and § 2255(h) was not a finding that Massey actually satisfied those requirements, and it does not prevent our review now. *See Tyler v. Cain*, 533 U.S. 656, 660–61 & n.3 (2001); *United States v. Geozos*, 870 F.3d 890, 894 n.5 (9th Cir. 2017). As noted earlier, § 2255 requires that a federal habeas petitioner's second or successive motion contain a claim that relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The District Court concluded—and Massey argues on appeal—that Massey's claim relies at least in part on the new rule of constitutional law announced in *Johnson II* because *Johnson II* invalidated the residual clause of the ACCA. *Massey*, 2017 WL 2242971, at *3. *See Johnson II*, 135 S. Ct. at 2563.[8]

Massey maintains that his force clause claim—which is necessarily based on *Johnson I*'s interpretation of the ACCA's force clause—also relies on the new constitutional

---

[7] This Court reviews "*de novo* the legal conclusions underlying a district court's denial of a motion for relief under 28 U.S.C. § 2255. [This Court] will defer . . . to a district court's findings of fact unless they are clearly erroneous." *Rivera v. United States*, 716 F.3d 685, 687 (2d Cir. 2013) (citations omitted).

[8] *Johnson II* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

rule announced in *Johnson II*. He contends that if he were successful on his merits argument under *Johnson I*—that New York third-degree robbery is not an ACCA predicate under the ACCA's force clause—his sentence could still have been upheld pursuant to the residual clause prior to *Johnson II*. Under Massey's theory, both *Johnson I*'s statutory interpretation of the force clause and *Johnson II*'s constitutional invalidation of the residual clause were therefore necessary to grant him relief from his ACCA sentence enhancement. Thus, Massey asserts that his claim in essence relies on *Johnson II*. We disagree.

Massey's claim relies on a new rule of constitutional law only if he was sentenced in violation of that new constitutional rule. *Geozos*, 870 F.3d at 895. The question before us is therefore whether Massey was sentenced in violation of the new constitutional rule announced in *Johnson II*, which held that the ACCA's residual clause was unconstitutionally vague. *Johnson II*, 135 S. Ct. at 2563. The record from Massey's sentencing hearing answers that question.

We have no doubt that Massey's sentence was enhanced pursuant to the ACCA's force clause. The District Court clearly stated this during the sentencing hearing: "the statutes for robbery in the third degree, assault in the second degree and attempted assault in the second degree all involve the use or attempted use of force." App. 30. The District Court also later noted that it had "unequivocally found that Massey's prior convictions were ACCA predicates under the 'force' clause, not the residual clause." *Massey*, 2017 WL 2242971, at *3. Additionally, in Massey's

9

direct appeal, this Court cited to the force clause when holding that "the district court properly relied on the statutory elements of Massey's prior convictions in finding he had committed three prior violent felonies." *Massey*, 461 F.3d at 179 (citing and quoting the "force clause" from the ACCA, 18 U.S.C. § 924(e)(2)(B)).

Massey's claim relies on *Johnson I*, a decision that interpreted the ACCA's force clause but did not announce a new rule of constitutional law, and therefore cannot provide the basis for a successive § 2255 motion. 28 U.S.C. § 2255(h). Massey's claim does not rely on *Johnson II* because his sentence was not in any way predicated on the portion of the ACCA invalidated by that case. His claim solely relies on *Johnson I* and it cannot be bootstrapped to *Johnson II* to attain review under the Antiterrorism and Effective Death Penalty Act of 1996, which placed "stringent limits" on second or successive motions under § 2255. *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998) (per curiam).[9]

---

[9] This outcome leads to the most consistent results across a range of hypotheticals given the structure of the bar on successive § 2255 motions. If Massey had attempted to file a successive motion between *Johnson I* and *Johnson II*, that motion likely would have been denied because *Johnson I*—which interpreted the force clause—did not announce a new rule of constitutional law. It seems perverse to permit Massey to use the procedural hook of *Johnson II*'s constitutional decision—which had no bearing on the ACCA's force clause—as a means of making a purely statutory merits argument that he previously would have been precluded from raising. Similarly, if *Johnson II* had preceded *Johnson I* and Massey had attempted to bring a successive § 2255 motion after

Our conclusion is consistent with the decisions of several of our sister circuits. In *Geozos*, the Ninth Circuit stated that "it [wa]s unclear from the record whether the sentencing court relied on the residual clause," 870 F.3d at 895, and held that "when it is unclear whether a sentencing court relied on the residual clause[,] . . . but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in *Johnson II*," *id.* at 896. However, the Ninth Circuit also noted that "had the sentencing court specified that a past conviction qualified as a 'violent felony' *only* under the force clause, we would know that the sentence rested on a constitutionally valid legal theory[,] . . . preclud[ing] the filing of a second or successive petition." *Id.* at 895 (citing 28 U.S.C. § 2255(h)(2)). Additionally, the First Circuit addressed a claim analogous to Massey's in *Dimott v. United States*, 881 F.3d 232 (1st Cir. 2018). Two of the movants in *Dimott* were found to have clearly been "sentenced under the ACCA's enumerated [offense] clause, not the residual clause." *Id.* at 236. The First Circuit concluded that "allow[ing] petitioners to clear the timeliness bar by bootstrapping their *Mathis* claims onto *Johnson II* claims, even where, as here, the merits of their case entirely depend on whether their previous convictions still qualify as ACCA predicates in light of *Mathis* . . . cannot be right." *Id.* at 237–

the initial constitutional rule had been announced, his motion clearly would have been denied because he was sentenced under the force clause and not the residual clause, and if he waited until *Johnson I* hypothetically followed *Johnson II*, the motion would have been denied because *Johnson I* did not announce a new constitutional rule.

11

38 (referencing *Mathis v. United States*, 136 S. Ct. 2243 (2016)). Massey similarly attempts to bootstrap his *Johnson I* claims onto *Johnson II* claims when the merits depend entirely on whether New York third-degree robbery still qualifies under the ACCA's force clause after *Johnson I*. Allowing him to do so "cannot be right." *See id* at 238.[10]

We hold that where it is clear from the record that a movant's sentence was enhanced pursuant to the ACCA's

---

[10] Other circuits have also addressed whether a § 2255 movant's claim relies on *Johnson II* when it was unclear from the sentencing record whether the movant was sentenced under the residual clause, the force clause, or the enumerated offense clause. Although our holding in this case does not reach those situations, these cases are consistent with our holding because their diligent analyses of whether the respective movants were sentenced under the residual clause—and how to handle unclear sentencing records—would be superfluous if our sister circuits maintained that a movant's claim relied on *Johnson II* when that movant was sentenced pursuant to the force clause. *See Dimott*, 881 F.3d at 243 (movant bears the burden of establishing that they were sentenced solely pursuant to the residual clause when the sentencing court does not specify); *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017) (same); *United States v. Taylor*, 873 F.3d 476, 480–82 (5th Cir. 2017) (a movant's § 2255 claim relies on *Johnson II* when the sentencing court did not specify which ACCA clause it invoked); *United States v. Winston*, 850 F.3d 677, 682 (4th Cir 2017) (same); *United States v. Snyder*, 871 F.3d 1122, 1128–30 (10th Cir. 2017) (where the district court did not specify which clause was invoked, the court could look to the "relevant background legal environment" to determine which clause the ACCA determination relied upon).

12

force clause, their § 2255 claim does not rely on *Johnson II* for the purposes of 28 U.S.C. § 2255(h). Therefore, Massey's motion must be denied.[11]

## CONCLUSION

For the reasons set forth above, we AFFIRM the order of the District Court to the extent it denies Massey's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

---

[11] Because we deny Massey's motion on procedural grounds, we do not reach the merits of his argument regarding whether New York third-degree robbery qualifies as an ACCA predicate under the force clause post-*Johnson I*.