Belk v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand eighteen.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          CHRISTOPHER F. DRONEY,
              *Circuit Judges.*

_____

CHARLES BELK,

                    *Petitioner-Appellant*,

          v.                                      17-2816

UNITED STATES OF AMERICA,

                    *Respondent-Appellee*.*

_____

| | |
|---|---|
| FOR PETITIONER-APPELLANT: | YUANCHUNG LEE, Federal Defenders of New York, Inc. Appeals Bureau, New York, NY. |
| FOR RESPONDENT-APPELLEE: | MATTHEW PODOLSKY (Sarah K. Eddy, *on the brief*) Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

---

* The Clerk of the Court is respectfully directed to amend the caption as shown above.

Appeal from an order entered on August 22, 2017, by the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Charles Belk appeals the district court's August 22, 2017 denial of his motion to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255.[1] He argued before the district court, as he does on appeal, that he should not have received the mandatory minimum sentence of 180 months' incarceration under the Armed Career Criminal Act, 18 U.S.C. § 924(c), ("ACCA") that was imposed on October 18, 2002, by the United States District Court for the Southern District of New York.[2] He maintains that his three prior convictions of robbery in the first degree in violation of New York law do not satisfy the ACCA's force clause, 18 U.S.C. § 924(e)(2)(B)(i), and, as such, the mandatory minimum term under the ACCA could not be imposed.[3] We assume the parties' familiarity with the facts and record of prior proceedings. For the reasons stated below, we conclude that our decision in *United States v. Pereira-Gomez*, 903 F.3d 155 (2d Cir. 2018), requires us to affirm the district court's order denying Belk's motion.[4]

In *Pereira-Gomez*, we considered whether the New York offense of attempted robbery in the second degree, N.Y. Penal Law §§ 110.00, 160.10, qualifies as a 'crime of violence' under the 'force clause' of application note 1(B)(iii) to Section 2L1.2 of the 2014 [Sentencing] Guidelines." *Pereira-Gomez*, 903 F.3d at 164. Applying the "modified categorical approach" to determine "the minimum criminal conduct necessary for

---

[1] This court granted Belk's motion for leave to file a second or successive Section 2255 motion on August 5, 2016.

[2] Belk was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The indictment also charged that Belk was subject to the enhanced penalties of the ACCA because of three prior violent felony convictions. Belk received a total effective sentence of 235 months' incarceration, which included the ACCA mandatory minimum sentence.

[3] The previous convictions do not indicate which subsection of first degree robbery under New York Penal Law § 160.15 applied to Belk, but that does not affect our conclusion here.

[4] The parties dispute whether Belk's motion "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255(h)(2), 2244(b)(2)(A). If the motion does not, we need not reach the merits of Belk's claim. *See Massey v. United States*, 895 F.3d 248, 251 (2d Cir. 2018). Here, because it is unclear from the record whether Belk's sentence was enhanced pursuant to the ACCA's residual clause, it appears that his claim does rely on the new rule of constitutional law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*") such that we may proceed to the merits of his claim. *See id.* at 253 (citing favorably to *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017) for proposition that where sentencing court's reliance on the ACCA's residual clause is unclear, defendant's § 2255 claim relies on constitutional rule announced in *Johnson II*).

2

conviction under a particular statute," *id.*, we concluded that "'robbery' as it is defined in N.Y. Penal Law § 160.00, qualifies as a 'crime of violence' under the [Guidelines'] 'force clause'" and that "[b]ecause that definition of robbery—forcible stealing—is common to all degrees of robbery under New York law, . . . robbery in any degree is a crime of violence under the 'force clause' of" . . . the 2014 Guidelines," *id.* at 166.[5]

Because the "force clause" of the ACCA, which was applied to Belk, contains the same language as the "force clause" of the Guidelines under review in *Pereira-Gomez*, *compare* 18 U.S.C. § 924(e)(2)(B)(i), *with* application note 1(B)(iii) to § 2L1.2 of the 2014 Guidelines, *Pereira-Gomez* compels us to conclude that New York robbery in any degree also satisfies the ACCA's "force clause."[6]  Thus, Belk's prior state court convictions qualify as violent felonies under the ACCA, and the application of the 180-month mandatory minimum sentence of incarceration by the district court was required.

We have considered Belk's remaining claims and find them without merit. For the reasons stated above, we **AFFIRM** the district court's order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] We also concluded that, under New York law, attempted robbery in any degree qualifies as a crime of violence pursuant to the "force clause" of application note 1(B)(iii). *Pereira-Gomez*, 903 F.3d at 166.

[6] The "force" or "elements" clause of the ACCA and the application note 1(B)(iii) to § 2L1.2 of the 2014 Guidelines define violent felonies as having "an element the use, attempted use or threatened use of physical force against the person of another."

3