*Barnes v. United States of America*

# United States Court of Appeals
## For the Second Circuit

August Term 2024

Argued: February 13, 2025
Decided: December 15, 2025

No. 24-830

CALIEB BARNES,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of New York
Nos. 11-cr-184, 16-cv-4521, Denise L. Cote, *Judge.*

Before: KEARSE, LEVAL, and SULLIVAN, *Circuit Judges.*

Petitioner-Appellant Calieb Barnes appeals from an order of the United States District Court for the Southern District of New York (Cote, *J.*) denying his second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In that motion, Barnes principally contended that his 2012 conviction under 18 U.S.C. § 924(c) for brandishing a firearm during an attempted Hobbs Act robbery must be vacated in light of the Supreme Court's holdings in *United States*

*v. Davis*, 588 U.S. 445 (2019), which invalidated section 924(c)'s "residual clause" as unconstitutionally vague, and *United States v. Taylor*, 596 U.S. 845 (2022), which held that attempted Hobbs Act robbery is not a predicate "crime of violence" under section 924(c)'s "elements clause." After reviewing the trial record, the district court concluded that Barnes's conviction was based on section 924(c)'s elements clause, such that his claim amounted to only a statutory violation under *Taylor*. Accordingly, the district court denied Barnes's second motion for failing to establish that his claim relied on a new rule of constitutional law, as required by the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2255(h); *id.* § 2244(b)(2)(A).

We conclude that the district court correctly applied the framework set forth in our decisions in *Savoca v. United States* to determine that, as a matter of historical fact, Barnes's conviction was based on section 924(c)'s elements clause and therefore did not rely on a new rule of constitutional law. Because we cannot say the district court's findings were clearly erroneous, we **AFFIRM** the order of the district court.

AFFIRMED.

> DARRELL FIELDS, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY, *for Petitioner-Appellant*.
>
> BENJAMIN M. BURKETT (Olga I. Zverovich, *on the brief*), Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY, *for Respondent-Appellee*.

RICHARD J. SULLIVAN, *Circuit Judge*:

Petitioner-Appellant Calieb Barnes appeals from an order of the United States District Court for the Southern District of New York (Cote, *J.*) denying his

second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  In that motion, Barnes principally contended that his 2012 conviction under 18 U.S.C. § 924(c) for brandishing a firearm during an attempted Hobbs Act robbery must be vacated in light of the Supreme Court's holdings in *United States v. Davis*, 588 U.S. 445 (2019), which invalidated section 924(c)'s "residual clause" as unconstitutionally vague, and *United States v. Taylor*, 596 U.S. 845 (2022), which held that attempted Hobbs Act robbery is not a predicate "crime of violence" under section 924(c)'s "elements clause."  After reviewing the trial record, the district court concluded that Barnes's conviction was based on section 924(c)'s elements clause, such that his claim amounted to only a statutory violation under *Taylor*.  Accordingly, the district court denied Barnes's second motion for failing to establish that his claim relied on a new rule of constitutional law, as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See* 28 U.S.C. § 2255(h); *id.* § 2244(b)(2)(A).

We conclude that the district court correctly applied the framework set forth in our decisions in *Savoca v. United States* to determine that, as a matter of historical fact, Barnes's conviction was based on section 924(c)'s elements clause and therefore did not rely on a new rule of constitutional law.  Because we cannot say

the district court's findings were clearly erroneous, we AFFIRM the order of the district court.

## I.   BACKGROUND

In 2012, Barnes was convicted after trial of various crimes relating to his operation of a crack-cocaine business from 2000 to 2010 and his involvement in marijuana- and firearms-trafficking from 2010 until his arrest in 2011.  As relevant here, Barnes was convicted of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951, in connection with a June 2006 incident in which Barnes pistol-whipped a local drug dealer while he and two associates attempted to rob the dealer of kilograms of cocaine ("Count Four"); brandishing a firearm in furtherance of a crime of violence, specifically the June 2006 attempted robbery, in violation of 18 U.S.C. § 924(c) ("Count Five"); murder while engaged in a narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A), in connection with his and his co-defendant's shooting of a former associate over a drug-territory dispute in May 2010 ("Count Six"); and using a firearm in furtherance of a crime of violence, specifically the May 2010 murder, in violation of 18 U.S.C. § 924(c) ("Count Seven").

4

Under section 924(c), a defendant who "uses or carries a firearm" "during and in relation to any crime of violence" is subject to certain mandatory-minimum terms of imprisonment that must run consecutively to any other term of imprisonment imposed. 18 U.S.C. § 924(c)(1)(A), (c)(1)(D)(ii). Section 924(c) provides two definitions of a "crime of violence." *First*, under the "elements clause," a crime of violence is a felony offense that has, "as an element[,] the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). *Second*, under the "residual clause," a crime of violence includes any felony offense that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). At the time of Barnes's sentencing, each subsequent conviction under section 924(c) carried a mandatory-minimum consecutive term of imprisonment of twenty-five years. *See id.* § 924(c)(1)(C)(i).

The district court principally sentenced Barnes to a total of 100 years' imprisonment, which included three consecutive terms of imprisonment of five, twenty-five, and twenty-five years on Counts Two, Five, and Seven, respectively. Barnes timely appealed his conviction and sentence, arguing that he did not

receive a fair trial due to various erroneous evidentiary rulings and the district court's refusal to give a multiple-conspiracy charge, and that he was improperly sentenced to consecutive terms on his section 924(c) convictions. This Court affirmed. *See United States v. Barnes*, 560 F. App'x 36 (2d Cir. 2014). In June 2015, Barnes filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that both trial and appellate counsel provided him with ineffective assistance. In February 2016, the district court denied his motion and declined to issue a certificate of appealability.

A few months later, Barnes filed a second section 2255 motion, arguing that his section 924(c) convictions on Counts Five and Seven must be vacated because the predicate offenses underlying those convictions – attempted Hobbs Act robbery and murder while engaged in a narcotics conspiracy, respectively – did not qualify as crimes of violence in light of *Johnson v. United States* ("*2015 Johnson*"), 576 U.S. 591 (2015). In that case, the Supreme Court held that a provision of the Armed Career Criminal Act ("ACCA") – the "residual clause" for defining a "violent felony" – was unconstitutionally vague. *2015 Johnson*, 576 U.S. at 606; *see* 18 U.S.C. § 924(e)(2)(B)(ii). The district court transferred Barnes's motion to this Court for treatment as a motion for leave to file a successive section 2255 motion

6

pursuant to 28 U.S.C. § 2255(h). While Barnes's motion was pending before this Court, the Supreme Court decided *United States v. Davis*, similarly holding that the residual clause of section 924(c) was unconstitutionally vague. *See* 588 U.S. at 448.

On October 1, 2020, we granted Barnes leave to file a successive section 2255 motion, concluding that he had made a "*prima facie* showing that the proposed [section] 2255 motion satisfies the requirements of [section] 2255(h)" based specifically on the argument that his section 924(c) conviction in Count Five, premised on attempted Hobbs Act robbery, "is no longer valid after [*2015*] *Johnson* and *Davis*." App'x at 173. On remand, the district court stayed Barnes's second section 2255 motion pending a decision from this Court on whether attempted Hobbs Act robbery qualified as a crime of violence under section 924(c)'s elements clause – an issue that had been raised in several cases then pending on appeal. During this stay, the Supreme Court answered that question in *United States v. Taylor*, holding that attempted Hobbs Act robbery is *not* a crime of violence under section 924(c)'s elements clause. *See* 596 U.S. at 850–51.

The district court ultimately denied Barnes's second section 2255 motion, concluding that he had not satisfied the threshold statutory requirements for filing a successive application for relief – namely, that the motion must contain a claim

7

that relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *id.* § 2244(b)(2)(A). Following the frameworks set out in our two decisions in *Savoca v. United States*, the district court explained that whether Barnes's claim relied on a "new rule of constitutional law" turned on whether Barnes's section 924(c) conviction under Count Five was based on the residual clause, which *Davis* invalidated as unconstitutionally vague, or the elements clause, which *Taylor* determined as a matter of statutory interpretation could not be met by attempted Hobbs Act robbery.[1] The district court then concluded that, based on its review of the record, Barnes's Count Five conviction was based on section 924(c)'s elements clause, such that his claim amounted to only a "statutory violation" that did not rely on a new rule of constitutional law. Sp. App'x at 13,

---

[1] In December 2021, we affirmed, in a published opinion, the district court's dismissal of a successive section 2255 motion in which the defendant challenged (1) his sentencing enhancement under ACCA in light of *2015 Johnson*, and (2) his section 924(c) conviction predicated on attempted Hobbs Act robbery. *See Savoca v. United States* ("*Savoca I*"), 21 F.4th 225, 227 (2d Cir. 2021), *vacated in part on reh'g*, No. 20-1502, 2022 WL 17256392 (2d Cir. Nov. 29, 2022). In rejecting Savoca's section 924(c) claim, we affirmed the district court's conclusion that his argument was both procedurally barred and foreclosed on the merits in light of our then-controlling precedent, which held that attempted Hobbs Act robbery was a crime of violence under section 924(c)'s elements clause. *See id.* at 229 (citing *United States v. McCoy*, 995 F.3d 32, 57 (2d Cir. 2021)). After the Supreme Court's decision in *Taylor*, we issued a summary order granting Savoca's petition for rehearing, vacating our prior holding with respect to his section 924(c) claim, and remanding to the district court for further consideration of that claim. *See Savoca v. United States* ("*Savoca II*"), No. 20-1502, 2022 WL 17256392, at *3 (2d Cir. Nov. 29, 2022).

8

24.[2]  The district court therefore denied Barnes's motion, but granted him a certificate of appealability under 28 U.S.C. § 2253(c).  This appeal followed.

## II.  STANDARD OF REVIEW

We review "*de novo* the legal conclusions underlying a district court's [consideration] of a motion for relief under 28 U.S.C. § 2255," but "will defer to a district court's findings of fact unless they are clearly erroneous."  *Massey v. United States*, 895 F.3d 248, 251 n.7 (2d Cir. 2018) (alterations accepted and internal quotation marks omitted).  The district court's determination that the record reflects a defendant's conviction based on section 924(c)'s elements clause, as opposed to the residual clause, is "manifestly a fact-specific undertaking" and thus is entitled to clear-error review.  *Savoca v. United States* ("*Savoca I*"), 21 F.4th 225, 232 (2d Cir. 2021) (reviewing for clear error the district court's finding that the defendant was sentenced under ACCA's enumerated clause, not its residual clause), *vacated in part on reh'g*, No. 20-1502, 2022 WL 17256392 (2d Cir. Nov. 29,

---

[2] The district court also rejected Barnes's challenge to his Count Seven section 924(c) conviction, which was predicated on the offense of murder while engaged in a narcotics conspiracy.  As the district court noted, Barnes himself "recognize[d] that the law in the Second Circuit d[id] not currently support his claim," but he nevertheless "s[ought] to preserve [it] for a potential certiorari petition to the Supreme Court."  Sp. App'x at 9 n.1.

2022).[3] Under that "deferential" standard, we will reverse a district court's finding only if "on the entire evidence we are left with the definite and firm conviction that a mistake has been committed." *Id.* at 231 (alterations accepted and internal quotation marks omitted).

## III.   DISCUSSION

Under AEDPA, defendants who have already filed one section 2255 motion must overcome "stringent limits" to bring a "second or successive application for a writ of habeas corpus." *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998). Relevant here, a federal habeas petitioner may show that his second or successive motion contains a claim that relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *id.* § 2244(b)(2)(A); *see, e.g., Savoca I*, 21 F.4th at 230; *Herrera-Gomez v. United States*, 755 F.3d 142, 147 (2d Cir. 2014). Importantly, this Court's prior "determination that [Barnes] had made a *prima facie* showing that his [second section 2255] motion satisfied the requirements of [section] 2244 and [section] 2255(h)," accompanied by a grant of leave for Barnes to file that

---

[3] In various decisions, we have sometimes referred to the equivalent of section 924(c)'s elements clause in ACCA as the "enumerated clause" and sometimes as the "force clause." These three terms are interchangeable.

motion, "was not a finding that [he] actually satisfied those requirements." *Massey*, 895 F.3d at 251. Instead, the district court was obliged to "engage in a searching inquiry, pursuant to which it [was required to] 'dismiss any claim presented in a second or successive application unless the applicant [could] *show*[] that the claim satisfie[d] AEDPA's requirements.'" *Savoca I*, 21 F.4th at 230 (alterations accepted) (quoting 28 U.S.C. § 2244(b)(4)).

## A. Barnes's Count Five Section 924(c) Conviction

Barnes principally argues that his Count Five conviction must be vacated because attempted Hobbs Act robbery, the offense upon which that conviction was predicated, does not qualify as a "crime of violence" under section 924(c) after (1) *Davis* invalidated that statute's residual clause as unconstitutionally vague, and (2) *Taylor* held that attempted Hobbs Act robbery was not a crime of violence under the elements clause. While no one disputes that Barnes could not be convicted of Count Five if he were charged with that offense today, the relevant question here is whether Barnes has shown that this claim in his second section

11

2255 motion relies on a new rule of constitutional law as required by AEDPA. We find no reversible error in the district court's conclusion that he has failed to do so.

We begin with the nature of the two Supreme Court decisions underlying Barnes's claim. There is no question that, for purposes of section 2255(h), *Davis* created a new substantive rule of constitutional law that applies retroactively on collateral review. *See Hall v. United States*, 58 F.4th 55, 61–62 (2d Cir. 2023). By contrast, as Barnes acknowledges, *Taylor* was a "statutory" decision – that is, one that "interpret[ed]" the meaning of a "crime of violence" and "the reach of [section] 924(c)(3)(A)" as a matter of statutory construction. *Taylor*, 596 U.S. at 857–58; *see, e.g., Savoca v. United States* ("*Savoca II*"), No. 20-1502, 2022 WL 17256392, at *2 (2d Cir. Nov. 29, 2022) (identifying a *Taylor*-based argument as a "statutory" one); *Fernandez v. United States*, 114 F.4th 1170, 1178 (11th Cir. 2024) (same). And because *Taylor* simply involved the interpretation of section 924(c)'s elements clause, its holding did not announce "a new rule of constitutional law" within the meaning of sections 2255(h)(2) and 2244(b)(2)(A). *See, e.g., Mata v. United States*, 969 F.3d 91, 93–94 (2d Cir. 2020) (denying leave to file a successive section 2255 motion because the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019), "resolved only a question of statutory interpretation and did not

announce a rule of constitutional law"); *Massey*, 895 F.3d at 252 (affirming the denial of a successive section 2255 motion based on *Johnson v. United States* ("*2010 Johnson*"), 559 U.S. 133 (2010), because that decision only interpreted ACCA's "force clause" and "did not announce a new rule of constitutional law").

Because *Davis* is a constitutional decision but *Taylor* is not, we have recognized, albeit in an unpublished summary order, that whether a successive section 2255 claim like Barnes's "relies on a new rule of constitutional law" depends on "whether [the section] 924(c) conviction was based on the elements clause or the residual clause." *Savoca II*, 2022 WL 17256392, at *2. Despite our framing of the relevant inquiry in this way, Barnes contends that his motion relies, at least in part, on the new rule of constitutional law in *Davis* because that case is "necessary to [his] claim's success." Barnes Br. at 36. According to Barnes, his claim for relief depends not only on *Taylor*'s statutory interpretation of the elements clause but also on *Davis*'s constitutional invalidation of the residual clause because "without *Davis*, he would have had no basis to challenge his 924(c) conviction because any error under the elements clause would have been harmless." *Id.* at 7–8. We disagree.

As we previously held, a defendant's "claim relies on a new rule of constitutional law only if he was sentenced in violation of that new constitutional rule." *Massey*, 895 F.3d at 252. For this reason, the Court in *Massey* rejected an argument materially identical to the one Barnes raises here in concluding that the defendant could not file a successive section 2255 motion to challenge his sentencing enhancement under ACCA. In *Massey*, the defendant argued that his prior state conviction was not a "violent felony" under ACCA's "force clause" in light of *2010 Johnson*, and that *2015 Johnson*'s "constitutional invalidation of [ACCA's] residual clause" was "necessary to grant him relief" because otherwise "his sentence could still have been upheld pursuant to [that] clause." *Id.* at 251–52. We instead defined the relevant inquiry as "whether Massey was sentenced in violation of the new constitutional rule announced in [*2015 Johnson*]" – that is, under ACCA's unconstitutionally vague residual clause. *Id.* at 252. Finding that the record made clear that "Massey's sentence was enhanced pursuant to . . . ACCA's force clause," we explained that his "claim d[id] not rely on [*2015 Johnson*] because his sentence was not in any way predicated on the portion of . . . ACCA invalidated by that case." *Id.* Because "[h]is claim solely relie[d] on [*2010 Johnson*]," which did not announce a new rule of constitutional law, we concluded

14

that it could not "be bootstrapped to [*2015 Johnson*] to attain review under [AEDPA]." *Id.*

*Savoca II* likewise supports the conclusion that a defendant challenging a section 924(c) conviction predicated on Hobbs Act robbery, like Barnes, cannot satisfy AEDPA's threshold requirement simply because "part of his argument . . . invokes the constitutional holding of *Davis*." 2022 WL 17256392, at *2. Indeed, if a defendant's reliance on *Davis* in this manner were sufficient, there would have been no need for the Court in *Savoca II* to remand the case to the district court to determine whether Savoca's section 924(c) conviction was based on the residual clause and thus premised "on a new rule of constitutional law." *Id.*

In short, as we recognized explicitly in *Massey* in the ACCA context and implicitly in *Savoca II* in the section 924(c) context, Barnes cannot overcome AEDPA's gatekeeping requirements merely by pairing a statutory decision like *Taylor* with a constitutional one like *Davis*. Instead, the district court must conduct a "factual inquiry" to "determine which of [section 924(c)'s] two clauses was the basis for" Barnes's conviction because this "will answer the question whether [his second motion] relies on a new rule of constitutional law." *Id.* at *3.

15

Here, the district court properly conducted this factual inquiry pursuant to the three-step process we set out in *Savoca I* and *Savoca II*. Under that framework, a district court must first determine whether the trial record establishes that the defendant's "conviction was based on the elements clause or the residual clause." *Id.* The question of whether the trial court record reflects "'reliance on a particular . . . clause is, at base, a question of historical fact.'" *Id.* at *2 (quoting *Savoca I*, 21 F.4th at 232). Next, if the district court finds the record "'unclear as to the clause on which'" the defendant's conviction was based, the court "may consider '[b]ackground legal conditions'" at the time of the conviction. *Id.* at *3 (quoting *Savoca I*, 21 F.4th at 235); *see also Savoca I*, 21 F.4th at 235 ("[H]abeas district courts should consider the likelihood that applying a given clause would have been legal error at the time of [conviction and] sentencing, and should not assume [trial] courts would have chosen a legally erroneous clause over a legally permissible one."). Finally, "[a]fter conducting this factual inquiry, . . . [i]f the district court determines that the record is inconclusive, then it may confront the question [of]

whether a habeas motion relies on a new rule of constitutional law when the record does not reveal the basis of the [conviction]." *Savoca II*, 2022 WL 17256392, at *3.[4]

As the district court correctly summarized, "[t]he question presented" by Barnes's motion was "which clause of [section] 924(c)(3) was responsible for defining [C]ount [Four]" – the attempted robbery count on which Count Five was predicated – "as a crime of violence." Sp. App'x at 12. After reviewing the trial record, the district court determined that, as a matter of historical fact, Barnes's Count Five conviction was premised on the definition of "crime of violence" contained in section 924(c)'s elements clause – *i.e.*, a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Accordingly, the district court did not consider background legal conditions existing at the time of Barnes's conviction, or reach the question of whether Barnes had satisfied his burden of

---

[4] As we acknowledged in *Savoca I*, "there is currently a circuit split as to a petitioner's burden of proof where the sentencing record is 'unclear' as to which . . . clause an original sentencing court relied on." 21 F.4th at 234 n.7; *see Savoca II*, 2022 WL 17256392, at *3 n.1. Some circuits require a defendant to show only that his conviction "*may* have been predicated on application of [an unconstitutional] residual clause," *e.g.*, *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) (emphasis added), *abrogated on other grounds by*, *Stokeling v. United States*, 586 U.S. 73 (2019), while other circuits have held that a defendant bears the burden of showing that, "more likely than not, his [section] 924(c) conviction resulted from application of solely the residual clause," *e.g.*, *Fernandez*, 114 F.4th at 1181 (internal quotation marks omitted). Because we affirm based on the district court's findings at the first step of the *Savoca* framework, we leave this question for another day.

17

showing, on an unclear record, that his claim relied on a new rule of constitutional law. Applying our deferential standard of review, we cannot say that the district court's findings at step one were clearly erroneous.

The district court first considered, as relevant background, the offense conduct underlying Count Five, noting that the charge "appeared to fall within the heartland of a crime of violence, as defined by the [elements] clause in [section] 924(c)(3)(A)." Sp. App'x at 14. Indeed, the government's evidence reflected that Barnes used "actual force, indeed the [firearm] itself," "to physically attack" the drug dealer whom Barnes and his associates had attempted to rob. *Id.* Specifically, the government called witnesses who testified that Barnes "struck the . . . victim repeatedly in the head and face with the firearm in an effort to obtain drugs" and further "introduced medical records to corroborate the victim's injury." *Id.* Accordingly, as the district court reasonably observed, "[n]othing in the nature of the proof the [g]overnment offered at trial or relied upon in its summation required the [c]ourt or the parties to consider that the attempted Hobbs Act robbery was not, in fact, a traditional crime of violence encompassed by the [elements] clause." *Id.* at 15.

Consistent with this proof, the district court went on to explain, "the charge to the jury and even the parties' requests to charge reflect that Barnes'[s] conviction was premised on" the definition of crime of violence found in the elements clause. *Id.* Reviewing the instructions given to the jury, the district court noted that the definition of Hobbs Act robbery – provided in relation to conspiracy to commit Hobbs Act robbery, which was also charged in connection with the June 2006 attempted robbery ("Count Three") – tracked the elements contained in section 924(c)'s elements clause. That instruction stated that Hobbs Act robbery in this context means "to take or obtain narcotics or narcotics proceeds from the suspected narcotics dealer or in the presence of that person; and that the 'taking' or 'obtaining' was to be against the victim's will, *by means of actual or threatened force, violence or fear of injury, whether immediately or in the future, to the victim's person or property*." App'x at 54 (emphasis added). The jury charge for Count Four – attempted Hobbs Act robbery – then incorporated this definition of "robbery" and further instructed the jury that the government had to prove that "the defendant engaged in conduct amounting to a substantial step toward the commission of that robbery," with "substantial step" defined to mean "something more than mere preparation" but "less than the last act necessary before the actual commission of

19

the attempted crime." *Id.* at 56–57. Finally, the jury instruction with respect to Count Five referred in relevant part to the "attempted robbery charged in Count Four." *Id.* at 57.

Reviewing these instructions together, the district court concluded that the Count Five jury instruction "relied on its description of the elements of robbery and attempted robbery to charge the jury on the elements of a crime of violence contained in the [elements] clause, to wit, an offense that has as an element the attempted use of physical force." Sp. App'x at 13; *see also id.* at 23 ("[T]he crime of attempt at issue was to commit Hobbs Act robbery, which requires proof that the taking was against the victim's will by means of 'actual or threatened force, violence or fear of injury.'"). By contrast, the district court noted, the jury instructions contained no language that would implicate section 924(c)'s residual clause – *i.e.*, that the Count Five conviction could be based on conduct that only "by its nature, involve[d] a substantial risk that physical force . . . may be used." 18 U.S.C. § 924(c)(3)(B). The district court found this omission to be meaningful: "If the [c]ourt had concluded that Barnes'[s] [Count Five] conviction . . . hinged on the definition in the residual clause," it would have instructed the jury that, in order to convict, it must find "the [g]overnment had proven beyond a reasonable

20

doubt that the attempted Hobbs Act robbery involved a substantial risk that the defendant may use force against the person or property of another." Sp. App'x at 13–14.

Finally, the district court considered the special verdict sheet, which directed the jury, if it found Barnes guilty on Count Five, to indicate whether the government had "proven beyond a reasonable doubt that a firearm was brandished during the attempted robbery." *Id.* at 18 (internal quotation marks omitted). The jury charge defined "brandish" as "to display all or part of [a firearm], or to otherwise make its presence known to another person *in order to intimidate or advise that person that violence is imminently or immediately available*, regardless of whether the firearm is directly visible." App'x at 58 (emphasis added). The jury did in fact convict Barnes of brandishing a firearm in connection with the attempted Hobbs Act robbery, confirming, in the district court's view, that he "was convicted of committing attempted robbery through the actual or threatened use of force." Sp. App'x at 19.

Barnes's challenges to the district court's findings are unpersuasive. Barnes points out that the trial record does not include any discussion of which section 924(c) clause – elements or residual – his conviction for attempted Hobbs Act

21

robbery fell under, because it was well-understood by the parties and the court at the time that the offense was a crime of violence under either clause. According to Barnes, the district court's failure to explicitly identify the elements clause as the exclusive basis for his conviction renders the record, as a factual matter, unclear on this issue. But we have never suggested that the step-one inquiry rises or falls with the district court's express and contemporaneous identification of a specific clause at the time of a defendant's conviction and sentence. Were that the case, there would be little need for a court to engage in any searching review of the historical record as we have directed. *See Savoca I*, 21 F.4th at 232. To that end, we have held that a district court did not clearly err in concluding that a defendant's sentence was enhanced under ACCA's enumerated clause, even though neither the sentencing court nor the government "explicitly discussed [that] clause." *Id.* at 235. And short of asking us to adopt an express-reference requirement, Barnes does little to explain how the district court clearly erred in concluding that the trial record – including the jury charge and special verdict sheet – affirmatively indicated that Barnes's Count Five conviction was based on the elements clause, while altogether omitting any mention or even suggestion of the residual clause.

Barnes also faults the district court for considering the offense conduct underlying his Count Five conviction, arguing that whether an offense qualifies as a "crime of violence" under section 924(c) "is a legal question . . . to be determined under the categorical approach" without any inquiry into how a particular defendant committed the offense. Barnes Br. at 41. But this argument misconstrues the nature of the district court's inquiry in reviewing Barnes's second section 2255 motion, which was to determine whether, as a matter of historical fact, the record reflected that his conviction was based on section 924(c)'s elements clause or its residual clause. We see no reason why the district court could not have considered the evidence introduced at trial as a part of this factual inquiry, to the extent that such evidence reasonably informed how the district court went about crafting its charge to the jury. *See Savoca I*, 21 F.4th at 232 (directing district courts to "look to a wide range of materials" in undertaking this "fact-specific" historical inquiry).[5]

---

[5] In the alternative, Barnes contends that he is entitled to relief because he is similarly situated to the defendant in *Taylor*, whose section 924(c) conviction predicated on attempted Hobbs Act robbery was vacated on a successive section 2255 motion. But the Supreme Court's decision in *Taylor* (and the Fourth Circuit's decision before that) addressed the question of whether Hobbs Act robbery qualified as a crime of violence under section 924(c), without any mention of section 2255(h)'s gatekeeping requirements for successive motions. *See generally Taylor*, 596 U.S. 845; *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020). We therefore decline to read *Taylor* as requiring us to conclude that Barnes's claim relies on a new rule of constitutional law under section 2255(h) and that his Count Five conviction must be vacated.

In short, upon reviewing the record, we cannot say that the district court's finding – that, as a matter of historical fact, Barnes's section 924(c) conviction on Count Five was based on the elements clause – leaves us "with the definite and firm conviction that a mistake has been committed." *Id.* at 231 (internal quotation marks omitted). To the contrary, we see no reason to question the district court's conclusion that Barnes's claim amounted only to a statutory violation under *Taylor* and did not rely on a new rule of constitutional law. Accordingly, Barnes failed to satisfy AEDPA's gatekeeping requirements with respect to his successive section 2255 request to vacate his Count Five conviction.

## B. Barnes's Count Seven Section 924(c) Conviction

Barnes also seeks to preserve his claim that his section 924(c) conviction on Count Seven must be vacated because its predicate offense – murder while engaged in a narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) – is not a crime of violence under section 924(c)'s elements clause. While the district court did not analyze whether this claim satisfied AEDPA's gatekeeping requirements, Barnes acknowledges on appeal (as he did before the district court) that his argument on the merits is squarely foreclosed by our precedent. *See United States v. Pastore*, 83 F.4th 113, 120 (2d Cir. 2023) ("There is no question that intentionally

causing the death of another person involves the use of force."), *aff'd sub nom.*, *Delligatti v. United States*, 604 U.S. 423 (2025).  We therefore reject this argument here.

## IV.   CONCLUSION

For the foregoing reasons, we **AFFIRM** the order of the district court.